## ALLIS–CHALMERS CORPORATION
### v.
### Erlon HADLEY d/b/a Hadley's.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1979.

Decided April 23, 1980.

---

Berman, Berman & Simmons, P. A., John Sedgewick (orally), Robert A. Laskoff, Lewiston, for plaintiff.

Turner & Whittier, P. A., Craig E. Turner (orally), South Paris, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

GODFREY, Justice.

The plaintiff obtained a judgment in District Court for the deficiency between the amount owed by the defendant debtor to the secured party and the amount received upon the secured party's resale of the repossessed collateral. From a judgment of the Superior Court affirming the District Court judgment, the defendant appeals. We dismiss the appeal because of the appellant's failure to perfect his appeal.

The plaintiff, Allis-Chalmers Corporation, claimed to be the assignee of a purchase-money security interest in a front-end loader purchased by defendant Hadley from Hedge & Mattheis Co. under a security agreement dated April 28, 1975. On Had-ley's default, Allis-Chalmers repossessed the loader on June 16, 1976.

The plaintiff notified Hadley of a public sale to occur on July 7, 1976. When this attempted sale proved fruitless, the plaintiff notified Hadley that it would attempt to sell the loader by private sale to occur not earlier than July 21, 1976. Attempts to sell privately also proved fruitless. Finally, at an auction held on December 10, 1976, the plaintiff purchased the collateral for an amount less than the outstanding debt. Allis-Chalmers instituted this action for the deficiency in May, 1977.

After trial in the District Court, the plaintiff obtained a judgment for $7,223.49, with costs. The defendant appealed to Superior court, which affirmed the judgment on February 26, 1979. On March 26, defendant filed a notice of appeal to this Court. On May 9, 1979, forty-five days after filing the notice of appeal, the appellant filed in the Superior Court a "Designation of Contents of Record on Appeal". Apparently the appellant was following the procedure laid down in Rule 74 as it had existed before amendment effective January 3, 1978.

On May 15, 1979, Allis-Chalmers moved in Superior Court to dismiss the appeal because the appellant had not met the requirement in amended Rule 74 of ordering a transcript or of filing a statement of issues in case he did not intend to order the entire transcript. In its motion, Allis-Chalmers mentioned the so-called designation of contents as non-conforming to the Rules of Civil Procedure as amended more than a year earlier. The Superior Court took no action on this motion to dismiss the appeal because, on May 18, 1979, the case was docketed and the record filed in the Law Court.

On June 4, 1979, the appellee filed a motion to dismiss in the Law Court, asserting the reasons stated in its earlier motion in Superior Court and a new reason; namely, that the appellant had failed to comply with Rule 74C. Rule 74C(b) requires either that the parties agree on the contents of

the appendix or that the appellant serve on the appellee, within ten days after the record is filed, a designation of the parts of the record he intends to include in the appendix and a statement of the issues he intends to present for review. The appellant answered the appellee's motion to dismiss on June 6, 1979. He stated that his "designation" ordered the full transcript and that no prejudice had accrued to the appellee by the appellant's failure to comply with the rules.

On June 7, 1979, the Law Court issued an order denying the appellee's motion to dismiss but ordering appellant to comply with Rule 74C(b) within seven days. The appellant responded with a "Statement of Issues Presented for Review Pursuant to Maine Rules of Civil Procedure Rule 74C(b)", dated June 13 but filed with the Court on June 15, 1979. The attorney for the appellant was apparently under the mistaken impression that his "Designation of Contents of Record on Appeal" fulfilled the requirements of Rule 74C(b). The present Rule 74(a) makes no provision for the designation of the contents of the record on appeal; in all cases, the record on appeal consists of those items listed in Rule 74(a).

However, under Rule 74C, it is the duty of the appellant to prepare and file with the Law Court an appendix to the briefs. There are certain minimum requirements for the contents of an appendix, as listed in the rule. In addition to the required minimum, the appendix "shall contain any other parts of the record to which the parties wish to direct the particular attention of the Law Court." Normally, the appellant must file with the Clerk of the Law Court eight copies of the appendix, either at the time of filing his brief or pursuant to the alternative time period for filing provided in subsection (c). Eight copies are filed with the Court to ensure that each justice who will participate in the case has a sufficient portion of the record to enable the Court to perform its function of review.

Thus, appellant never complied with the Court's order of June 7 because he never complied with Rule 74C(b). At no time—certainly not within seven days of the order—did he designate the parts of the record that he intended to include in the appendix. Furthermore he failed to prepare and file an appendix as required by Rule 74C(a). Without the appendix, or at least the alternative by consent of the Court provided in Rule 74C(f), this Court does not have an adequate basis to review the actions in the courts below.

Rule 73(a) provides in part:

Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal; but the appeal will be dismissed for appellant's failure to take any such further step within the time prescribed therefor unless the Law Court shall determine that exceptional circumstances excuse the failure and justice demands that the appeal be heard.

Appellant in this case has not only failed to take many steps within the time prescribed, he has failed to take the steps entirely. He failed to designate the portions of the record he intended to include in the appendix; then he failed to prepare and file an appendix. By failing to comply with Rule 74C(b), the appellant also failed to comply with this Court's order of June 7, 1979. There being no exceptional circumstances to excuse this failure to perfect the appeal by compliance with the Rules of Civil Procedure, we must dismiss the appeal.

The entry is:

Appeal dismissed.

All concurring.