224 A.2d 897.

EDWARD STEINHOF *et al. vs.* SCOTT K. KEEFER, *Adm'r c.t.a.*

DECEMBER 12, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for leave to prosecute out of time an appeal from a probate decree allowing the re-

spondent's first and final account and entering an order of distribution. It was brought on the authority of G. L. 1956, §9-21-6, as amended, and avers that by reason of unforeseen cause and/or excusable neglect that petitioner Edward Steinhof failed to file his reasons of appeal within the time prescribed by §33-23-1, although his claim of appeal had been filed in the probate court within the time fixed by that statute.

From the papers in the cause it appears that petitioner is a residuary devisee and legatee of the will of Anna Majewski, deceased, which instrument was admitted to probate in the Woonsocket probate court and respondent, a practicing attorney in this state, was duly appointed administrator c.t.a.

An inventory was filed January 24, 1964 and notice thereof given to petitioner. Thereafter a decree was entered in said probate court on April 27, 1965 allowing respondent's first and final account and ordering distribution. Notice of the entry of said decree was also given to petitioner.

It further appears that petitioner duly filed in the superior court a copy of his claim of appeal but failed to file his reasons of appeal within the fifty days prescribed by the provisions of §33-23-1.

Subsequent to the last day for filing said reasons, a conference or conferences were held between the parties and respondent agreed that said reasons might be filed out of time. Thereafter they and all necessary papers were filed and the cause came on to be heard before a superior court justice in March 1966. When reached for hearing respondent filed a motion for dismissal of the appeal on the ground that the filing of the reasons of appeal within the time prescribed by §33-23-1 was essential to jurisdiction in the superior court. The motion was granted by a justice of that court, and within one year of the entry of the decree in the

474

probate court petitioner commenced the instant proceeding pursuant to §9-21-6, as amended, which reads as follows:

"When any person is aggrieved by an order, decree, decision or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, excusable neglect, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one (1) year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

It appears that petitioner was moved to claim an appeal in the first instance for the reasons that the first and final account allowed by the probate court did not list certain stock certificates allegedly standing in the name of the decedent and that certain personal property had been sold by respondent in violation of an agreement with petitioner and again allegedly for less than its fair value. These circumstances, petitioner argues, when set forth with specificity in his reasons of appeal would have been damaging to respondent's reputation as a practicing attorney. Thus petitioner contends that his claim of appeal was not perfected within the prescribed time because of conferences beneficial only to respondent. Arguing from this premise petitioner urges that his failure to file reasons of appeal within the specified time is the result of such unforeseen cause as to merit relief in this court, citing *Leary* v. *Leary,* 87 R. I. 189.

In that case, however, the unforeseen cause advanced by the petitioner was that he relied on a long-established practice of notice prior to the entry of a decree in equity, which notice was intended to give the losing party an opportunity

to be heard on why the decree as prepared should not be entered. Because of the lack of knowledge of such practice on the part of the prevailing party's attorney, no such notice was given and the petitioner did not become aware of the entry of the decree until it was too late for remedial action in the superior court. Here, however, there is no question of a lack of notice. Rather petitioner deliberately refrained from perfecting an appeal already claimed from a probate court decree.

Nevertheless petitioner argues that his failure was predicated on circumstances constituting "excusable neglect," an additional ground for relief, the scope of which has not been previously considered by this court.

From the record before us, however, it is quite apparent that the gravamen of petitioner's claim for relief rests on his understanding with respondent that the latter would not object to a late filing, thus permitting time in which to confer about petitioner's grievances. That this is so is made abundantly clear from the contents of a letter from petitioner's attorney to respondent dated more than two months after the time for filing had expired. It reads, "May we know whether or not you have made a decision concerning an extension of time within which to prosecute the appeal filed."

The phrase "excusable neglect" as an additional ground in support of a petition such as that now before us was added with the enactment of P. L. 1965, chap. 55, sec. 36. We have not heretofore had occasion to construe its fair intendment but we do not doubt that it was intended to liberalize the remedial nature of the statutory provisions to which it was added. However, it has been construed in other jurisdictions that the purpose sought to be achieved is the striking of a balance between apparent injustice and finality of litigation. 61 Yale L. J. 76.

Analyzing cases bearing on the federal rule authorizing

relief by reason of excusable neglect, 3 Barron and Holtz-off, Federal Practice and Procedure, §1322, p. 392, states: "The rule was not intended as an alternative method of appellate review, *nor as a means of circumventing time limits on appeal,* except where compelling considerations of justice require that course." (italics ours) See *Elgin Nat. Watch Co.* v. *Barrett,* 213 F.2d 776, *Morse-Starrett Products Co.* v. *Steccone,* 205 F.2d 244, and *Perrin* v. *Aluminum Co. of America,* 197 F.2d 254.

Here petitioner waited until the eleventh hour before engaging counsel and then on the last permissible day claimed an appeal from a probate decree, being motivated in that regard by circumstances of which he had personal knowledge for several months. Taking the best view of petitioner's position apparent from the papers before us, it appears that on June 6, 1965, the day before the appeal was claimed, respondent indicated a willingness to discuss and explore the nature of petitioner's grievances and to extend the time within which the copy of the appeal and reasons therefor might be filed. Accepting this as what happened, and the parties are at variance in this regard, we do not comprehend the course of conduct pursued as excusable neglect for failing to adhere to the requirements of §33-23-1.

It is well settled that this statute is jurisdictional and failure to proceed within the time prescribed cannot be waived. *Kenyon* v. *Probate Court,* 17 R. I. 652. An agreement between the instant parties to extend the time constitutes a purported waiver.

It is inescapable, we think, that the parties here were mistaken as to the law, and were of the opinion that if the grievances could not be resolved in conferences an extension of time such as that in fact assented to by respondent would permit petitioner to perfect his appeal even after the statutory period had passed. This was a mistake of law and we have repeatedly held that such a mistake is not

grounds for relief under §9-21-6 prior to its amendment. *Jordan* v. *Rhode Island Hospital Trust Co.,* 54 R. I. 352; *Cook* v. *Greenlaw,* 58 R. I. 402; *Needle* v. *Cohen,* 61 R. I. 84.

Although as previously observed the addition of "excusable neglect" was undoubtedly intended to extend the remedial scope of the statute, we do not believe that it was intended to relax the principle that a mistake of law will bar relief particularly when such mistake relates to jurisdiction absent some compelling reason. *Perrin* v. *Aluminum Co. of America, supra.*

The circumstance here urged by petitioner as compelling is that the reasons of appeal on their face would have been damaging or at least embarrassing to respondent and the neglect to file them in time is thus excusable since it was motivated out of concern for the respondent and he alone benefited. Clearly, framing adequate reasons of appeal, as indeed demonstrated by those subsequently filed, would not have required the publication as it were of charges damaging to respondent's reputation. It would be at the hearing in the superior court when evidence in support of the reasons of appeal would be adduced that the circumstance which motivated petitioner would arise if ever. Such hearing would clearly come much later than the last day within which the reasons of appeal were required to be filed.

So considered, we do not believe that the reasons advanced in support of the petition are so compelling as to warrant the relief prayed.

The petition is denied and dismissed.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for petitioner.

*Keefer and Kirby, Scott K. Keefer,* for respondent.