Paul A. REYNOLDS et ux.

v.

Sarah Smith HOOPER et al.

Supreme Judicial Court of Maine.

Nov. 2, 1979.

Smith & Smith by Richard W. Smith (orally), Suzanne E. K. Smith, Bath, for plaintiffs.

Verrill & Dana, Charles A. Harvey, Jr., John W. Philbrick (orally), Portland, for Hooper & Steele.

Richard C. Ames (orally), Brunswick, for Kosalka.

Before McKUSICK, C. J., and POMEROY, WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

GODFREY, Justice.

In Superior Court this action concerned the location of a right of way, but for the purpose of deciding the appeal we need consider only certain procedural problems.

The case was heard by a referee, who filed his preliminary and final reports in Superior Court, Sagadahoc County, in November and December, 1977. The plaintiffs, Professor and Mrs. Reynolds, filed timely objections to the report, but the court denied their objections and accepted the report in an order and judgment entered December 4, 1978. The plaintiffs failed to file notice of appeal within the thirty-day period required by Rule 73(a), M.R.Civ.P.

On January 4, 1979, one day after the appeal period expired, the plaintiffs' attorney filed a motion requesting an extension of time in which to file notice of appeal under the "excusable neglect" provision of Rule 73(a).[1] The motion was noticed for hearing on January 19, 1979, but on January 8, without notice to any of the parties, the Superior Court justice granted the extension, stating that he found "excusable neglect" within the meaning of Rule 73(a). On January 12, the justice retired from the bench. The defendants moved under Rule 60(b), M.R.Civ.P., for relief from his order. On January 18, the plaintiffs filed notice of appeal from the order and judgment entered December 4, 1978. On January 19, a hearing was held, by agreement of the parties, before a second justice, on both the defendants' 60(b) motion and the plaintiffs' 73(a) motion.

On January 30, the second justice entered a new order, setting aside the first justice's order, denying the plaintiffs' motion to extend time to file notice of appeal and dismissing their notice of appeal. The plaintiffs now appeal from the second justice's order; they also request that the Law Court hear the merits of their original appeal. The defendants have filed appeals, which they have denominated as "cross-appeals," from the first justice's order granting the plaintiffs' motion for extension of time to appeal.

We deny the plaintiffs' appeal from the second justice's order and dismiss their appeal from the first justice's order and judgment of December 4, 1978. We dismiss the defendants' appeals as moot.

■ Rule 63, M.R.Civ.P., provides appropriate procedures in the event of the disability of a trial justice occurring after a verdict is returned or findings of fact and conclusions of law are filed. Rule 63 applies in the present case, the trial justice having retired from the bench and become unable to perform his duties under the Rules. Under Rule 63, if any duties of the disabled judge remain to be performed after findings of fact and conclusions of law have been filed, then any other justice may perform those duties.

■ As a general rule, a judge who replaces a disabled judge should not set aside the first judge's orders. Nevertheless, a successor judge does have the power to set aside an order when unusual circumstances indicate that an injustice would otherwise result. *Mississippi Power Co. v. Peabody Coal Co.,* 69 F.R.D. 558 (S.D.Miss. 1976); *Peterson v. Hopson,* 306 Mass. 597, 603, 29 N.E.2d 140, 145 (1940). *See generally* 46 Am.Jur.2d *Judges* §§ 41–47 (1969); Annot., 20 A.L.R.Fed. 13 (1974). In the present case, the first justice's order was entered after a hearing had been noticed but before it had been held. The defendants sought to challenge the plaintiffs' showing of "excusable neglect," and they

---

1. The pertinent language of Rule 73(a) is as follows:

   "The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that: (1) upon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed . . . .."

had not had an opportunity to present their evidence and arguments to the court. In those circumstances, the scheduled hearing should have been held, and the first justice should not have granted plaintiff's motion without a hearing. It was therefore proper for the second justice to set the order aside.

█ The next issue is whether the successor justice, after the hearing, correctly ruled that the plaintiffs had not shown "excusable neglect." According to a recital in the motion filed by plaintiffs' counsel for an extension of time, the reason for the delay in filing was that plaintiffs resided in England and their decision whether to appeal was delayed in the mails. At the hearing before the second justice, plaintiffs' counsel testified that he had received a letter from the plaintiffs on January 2, the day before the appeal period expired, telling him to go forward with the appeal. He testified also that, on the same day, he talked with the plaintiffs on the telephone. He then testified he did not file notice of appeal because the plaintiffs had also asked him to seek a negotiated settlement. In the appeal brief, for the first time, counsel states that he failed to file because he miscalculated the running of the appeal period.

These facts do not constitute "excusable neglect" within the meaning of Rule 73(a). Although Rule 73(a) was broadened by amendment in 1966 to provide for extensions based on excusable neglect in whatever form it might appear, *Harris Baking Co. v. Mazzeo,* Me., 294 A.2d 445, 452 (1972), the standard of excusable neglect remains strict. The advisory committee note to the 1966 amendment to former Rule 73(a) of the Federal Rules of Civil Procedure,[2] which was identical to the present Maine rule, stated that, aside from cases of failure to learn of the entry of judgment, excusable neglect should be found only in extraordinary cases where injustice would otherwise result. 9 Moore's Federal Practice ¶ 204.13[1], at 967–74 (2d ed. 1975). For text of the committee's note, see *id.* ¶ 203.-25[3].

Federal courts have held that an attorney's difficulty in communicating with a client does not constitute excusable neglect. *See, e. g., Winchell v. Lortscher,* 377 F.2d 247 (8th Cir. 1967) (client traveling throughout this country and abroad). They have also held that counsel's failure to note the running of the appeal period, after receiving instructions to appeal from the client, is not excusable. *Maryland Casualty Co. v. Conner,* 382 F.2d 13, 16–17 (10th Cir. 1967), citing Stern, "Changes in the Federal Appellate Rules," 41 F.R.D. 297, 298–299. *See also* 9 Moore's Federal Practice, *supra* at 973.

It is not necessary to decide here that communication difficulties, miscalculations or other errors of counsel may never constitute "excusable neglect" under Rule 73(a). Suffice it to say that in the circumstances of this case the successor justice acted correctly in denying the plaintiffs' motion for an extension of time to file an appeal.

Because timely filing of notice of appeal is mandatory and jurisdictional, *Harris Baking Co. v. Mazzeo,* supra, 294 A.2d at 453, this court is without jurisdiction to hear the plaintiffs' appeal from the Superior Court's December, 1978, decision on the merits. By his order filed January 30, 1979, the second justice correctly dismissed the plaintiff's notice of appeal from the December, 1978, order and judgment.

The entry is:

Plaintiffs' appeal from order and judgment of December 4, 1978, dismissed.

Plaintiffs' appeal from order of January 30, 1979, denying their motion for extension of time and dismissing their notice of appeal, denied.

Defendants' appeals from order of January 8, 1979, dismissed as moot.

No costs on appeal allowed to either party.

ARCHIBALD, J., did not sit.

---

2. Rule 73(a), F.R.Civ.P., has been replaced by Rule 4(a), F.R.App.P.