**Nancy REMICK**

v.

**ERIN, INC., d/b/a Holiday Inn and Peerless Insurance Company.**

Supreme Judicial Court of Maine.

Argued May 5, 1980.

Decided May 21, 1980.

Jerome B. Goldsmith, Bangor, for plaintiff.

Rudman, Winchell, Carter & Buckley, Clark P. Thompson (orally), Michael P. Friedman, Bangor, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

PER CURIAM.

On January 31, 1980, the Superior Court (Penobscot County) entered a pro forma decree based upon a decision of the Workers' Compensation Commission denying compensation to petitioner Remick. Petitioner filed her appeal to the Law Court on February 13, 1980, after the expiration of the 10-day appeal period prescribed by 39 M.R.S.A. § 103 (1978).[1] Respondents, on February 22, moved to dismiss the appeal for untimeliness. We grant respondents' motion and dismiss the appeal.

■ Time requirements for the taking of an appeal are mandatory and jurisdictional. *See Town of South Berwick Planning Board v. Maineland, Inc.*, Me., 409 A.2d 688, 689 (1980), and cases cited therein. Petitioner's failure to appeal within the prescribed period prevents the Law Court from acquiring jurisdiction over the attempted appeal. *See Town of South Berwick, supra;*

*Reynolds v. Hooper*, Me., 407 A.2d 312, 314 (1979); *Harris Baking Co. v. Mazzeo*, Me., 294 A.2d 445, 451–52 (1972). We do not reach the question whether the 30-day extension upon a showing of excusable neglect permitted by M.R.Civ.P. 73(a) applies to the statutory appeal period at issue here.[2] Petitioner requested no extension of time from the Superior Court within 30 days from the expiration of the original statutory appeal period or at any later time, and thus failed to invoke Rule 73(a). She did file in this court on March 28, 1980, a motion for an extension of time to appeal, but we had no jurisdiction to entertain the motion, particularly at that late date.

The entry is:

Appeal dismissed.

. No fee is allowed to employee's counsel.

All concurring.

---

1. Section 103 provides in pertinent part:

   *There shall be no appeal from a decree* based upon any order or decision of the commission or of any commissioner unless said order or decision has been certified and presented to the court within 20 days after notice of the filing thereof by the commission or by any commissioner; and *unless appeal has been taken from [the] pro forma decree within 10 days* after such certified order or decision has been so presented.

   (Emphasis added) *Matthews v. R. T. Allen & Sons, Inc.*, Me., 266 A.2d 240, 243 (1970), held that section 103 permits the taking of an appeal

within 10 days of the rendering (*i. e.*, entry) of the pro forma decree in the Superior Court.

2. Our Rule 73(a) was derived directly from former F.R.Civ.P. 73(a), *see* Reporter's Notes to Rules 73(a), (b), and (c), 2 Field, McKusick & Wroth, *Maine Civil Practice* 151–52 (2d ed. 1970). Federal rulemakers have considered the time extension provisions of Rule 73(a) to be applicable to statutory appeal periods of less than 30 days. *See* Committee Note of 1946 to amended F.R.Civ.P. 73(a), 9 *Moore's Federal Practice* ⸠ 203.25[1], at 3–103 (2d ed. 1980).