**Margaret L. RICE**

v.

**W. John AMERLING, et al.[1]**

Supreme Judicial Court of Maine.

Argued March 6, 1981.

Decided Aug. 7, 1981.

1. We have omitted from the caption of this case the State Board of Assessment Review which was originally joined as a party to this proceeding in the Superior Court and has remained a party throughout the proceedings on

appeal. The State Board of Assessment Review performs a purely adjudicatory function. 36 M.R.S.A. § 843 (1978). We held in *Inhabitants of Town of Boothbay Harbor v. Russell,* Me., 410 A.2d 554 (1980) that such a body is not a proper party to an appeal from a decision made by the body. *See also LaPointe v. City of Saco,* Me., 419 A.2d 1013 (1980); *Assessors, Town of Bristol v. Eldridge,,* Me., 392 A.2d 37 (1978).

Pine Tree Legal Assistance, Inc., Martha E. Geores, Richard M. Goldman (orally), Kim M. Vandermeulen, Augusta, for plaintiff.

James E. Tierney, Atty. Gen., Andre G. Janelle, Asst. Atty. Gen. (orally), Augusta, Perkins, Thompson, Hinckley & Keddy, Douglas S. Carr (orally), Philip C. Hunt, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN * and CARTER, JJ.

CARTER, Justice.

The plaintiff, Margaret Rice, by this appeal seeks review of a judgment of the Superior Court, Kennebec County, affirming a decision by the State Board of Assessment Review holding that she is ineligible for a property tax abatement under 36 M.R.S.A. § 841(5) (repealed and replaced by P.L. 1979 ch. 73; current revision at 36 M.R.S.A. § 841(2) (Supp. 1980–81)). The defendants, the Municipal Officers of the Town of Cape Elizabeth, appeal in the same proceeding from an order of the Superior Court enlarging Mrs. Rice's time for appeal to the the Law Court. Both appeals are before this

Court under an order of consolidation. We dispose of the case without reaching the merits of Mrs. Rice's appeal due to our decision sustaining the appeal of the Municipal Officers.

The parties submitted a stipulated record to the Superior Court from which it appears that the substantive issue between Mrs. Rice and the defendants is her entitlement to a tax abatement under 36 M.R.S.A. § 841(5). Pursuing the appropriate procedures, she sought the abatement and was denied it by the Municipal Officers. After hearing on review, the State Board of Assessment Review sustained the denial of the abatement. The Board's decision was "final agency action" under 5 M.R.S.A. § 11001 and subject to judicial review.

Mrs. Rice filed a petition for such review in the Superior Court, Kennebec County, pursuant to the Administrative Procedure Act. In that review proceeding, the Court held that because Mrs. Rice failed to prove "that there is no way for her to use her equity in [her] house to raise the money to pay her taxes" the decision of the State Board of Assessment Review should be affirmed.

The Superior Court judgment affirming the Board's decision was entered on March 25, 1980. Mrs. Rice filed a notice of appeal to the Law Court on April 25, 1980, thirty-one days after the entry of judgment. None of the parties were aware of this untimely filing until it was called to their attention by the Clerk of the Law Court on November 6, 1980. The case was removed from the November, 1980 oral argument calendar because of the possibility of untimeliness in taking the appeal. A dispute developed between Mrs. Rice and the Municipal Officers with respect to which court had authority to grant subsequent relief to perfect the appeal.

In a motion dated November 12, 1980, Mrs. Rice moved in the Superior Court for a *nunc pro tunc* order extending by one day the time to file her notice of appeal, citing

---

* Glassman, J., sat at oral argument and participated in the initial conference but died before the opinion was adopted.

as grounds excusable neglect. On November 19, 1980, the Municipal Officers moved in the Law Court for an order dismissing Mrs. Rice's appeal as untimely, which the Law Court ordered to be argued with the merits of plaintiff's appeal.

On November 20, the Superior Court justice informed counsel for both parties that a hearing on the motion to extend had been scheduled for November 21, 1980. The Municipal Officers, on November 21, moved the Law Court to stay the Superior Court hearing. Acting for the Court, the Chief Justice dismissed the Municipal Officer's motion the same day, and the Superior Court hearing was held as scheduled.[2] As a result of the hearing in the Superior Court, an order was entered finding excusable neglect in the perfection of the appeal and retroactively enlarging the time for filing Mrs. Rice's notice of appeal. The Municipal Officers have timely sought review by this Court of the Superior Court's order of enlargement of time. By an order of the Law Court dated December 9, 1980, the two appeals were consolidated for joint argument and decision.

## I.

The plaintiff sought an enlargement of time for the taking of an appeal under Rule 73(a) in the Superior Court. That request was made after both the original thirty-day period for filing the appeal and the additional thirty-day period provided by the Rule for potential enlargement of the appeal period on the basis of excusable neglect had expired. The issue presented is whether the Superior Court had the power to act on a motion filed after the sixty days from the date of entry of the judgment appealed from had elapsed.[3]

We answer the question in the negative on the basis of our prior clear holdings that compliance with Rule 73(a) is mandatory and jurisdictional for purposes of appeal. *Town of South Berwick Planning Board v. Maineland, Inc.*, Me., 409 A.2d 688, 689 (1980); *Wood v. Wood*, Me., 407 A.2d 282, 283 n.1 (1979); *Harris Baking Co. v. Mazzeo*, Me., 294 A.2d 445, 453 (1972); *Kittery Electric Light Co. v. Assessors of Town of Kittery*, Me., 219 A.2d 744, 747 (1966); *accord, Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275 (3rd Cir. 1962); *Wagoner v. Fairview Consolidated School Dist. # 5*, 289 F.2d 480 (10th Cir. 1961). The appellate jurisdiction of the Law Court and its power to review cases,

**2.** This action was appropriate for the appellate court in order to afford the Superior Court the initial opportunity to decide the issues raised by the plaintiff's motion for enlargement of the appeal period and to make the necessary findings of fact. *Cf. Sanchez v. Dallas Morning News*, 543 F.2d 556 (5th Cir. 1976) (Where case on appeal reflected unresolved factual issue of whether notice of appeal was timely filed and, if not, whether untimeliness was justified by excusable neglect, it should be remanded to the trial court for fact finding.) The Superior Court should, however, have denied the motion pending before it on a finding of untimeliness for reasons set forth in this opinion.

**3.** The municipal officers contend *inter alia* that the Superior Court did not have such power because under Rule 73(f), the exclusive jurisdiction over the case had passed to the Law Court on transmission of the notice of appeal and the docket entries to the Law Court and the marking of the Superior Court docket "Law". Rule 73(f) provides:

Docketing Appeal in Law Court. Upon receipt of the notice of appeal the clerk shall forthwith transmit a certified copy thereof together with a certified copy of all docket entries to the Clerk of the Law Court and the case shall be marked "Law" on the docket. Upon receipt of the certified copies of the notice of appeal and the docket entries the Clerk of the Law Court shall forthwith docket the appeal and send each counsel of record a written notice of the docketing, the Law Court docket number, and the date within which the record on appeal must be filed.

The Superior Court shall take no further action until after certification of disposition of the appeal in the Law Court, except as provided in Rules 27(b), 60(a), 62(c), 62(d), and 74(e); except as is otherwise necessary in connection with prosecution of the appeal; and except as is necessary to dispose of any timely motion made pursuant to one of the rules enumerated in Rule 73(a).

It is not necessary for us to address this argument as we find that the Superior Court was without power to entertain the motion for enlargement of the appeal period after the expiration of the sixty-day period provided under the provisions of Rule 73(a).

"are entirely and exclusively those plainly conferred by statute." *Papapetrou v. Edgar*, Me., 290 A.2d 202, 204 (1972). The right of appeal is not a constitutional one; nor does it arise under the common law; it is purely statutory. *Harrington v. Harrington*, Me., 269 A.2d 310, 314 (1970). The Legislature, in granting a right to appeal in certain cases, may restrict, limit or otherwise condition its availability as it sees fit. All statutory requirements for perfecting an appeal are jurisdictional and require strict compliance. *Harris Baking Co.*, 294 A.2d at 451; *Harrington*, 269 A.2d at 314. The action of the State Board of Assessment Review "shall be deemed final agency action by that board under the Maine Administrative Procedure Act." 36 M.R.S.A. § 843(2). The right to appeal from a Superior Court review of "final agency action" to the Law Court is conferred by 5 M.R.S.A. § 11008 which provides:

1. Appeal. Any party to the review proceeding in the Superior Court under this subchapter may obtain review by appeal to the Supreme Judicial Court sitting as the law court. The appeal shall be taken as in other civil cases.

2. Supreme Judicial Court. The Supreme Judicial Court shall have the power to make and amend rules of pleading, practice and procedure, for the purposes of securing a simple, speedy and effective judicial review under this subchapter.

The procedure to be followed in appealing from judgments in civil cases is dictated by M.R.Civ.P. 72–76A. Those rules "govern the procedure in the Supreme Judicial Court when sitting as a Law Court." M.R. Civ.P. 1. Rule 73(a) deals "specifically with the procedural facets involved in the initiation of an appeal to the Law Court." *Harris Baking Co.*, 294 A.2d at 451. The rule creates a maximum allowable time period of sixty days within which an appeal may be commenced. *Id.*

It is manifest that it was the intention of Rule 73(a) that there be no exceptions to this time requirement in the perfection of an appeal. The principle which underlies the requirement that an appeal must be taken in a timely manner is that of the finality of judgments. As we have recently stated,

[b]oth the successful party before the trial court in the particular case and the public in general have an interest in seeing an end come to litigation. Any relaxation in the enforcement of the postjudgment time requirements would run counter to those well-founded interests.

*Town of South Berwick Planning Board*, 409 A.2d at 690.

So carefully have the rules preserved the inviolability of the time period prescribed by Rule 73(a) that Rule 6(b), which confers the general authority of the Superior Court to enlarge time periods under the Rules, states specifically that the court may not extend the time for taking an appeal under Rule 73(a) "except to the extent and under the conditions stated in [that Rule]." M.R. Civ.P. 6(b). In addition, the authority to enlarge the initial thirty-day time period is even specifically denied to the Law Court under its power to suspend the rules as provided for in M.R.Civ.P. 76A(c).[4] It is also significant to note that the authority to enlarge the time period for the performance of any act under Rules 50(b), 52(b), 59(b), (d) and (e) is also denied to the Superior Court acting under Rule 6(b). The reason for this is obviously that the taking of action under those rules is specifically provided by Rule 73(a) to toll the running of the time for taking an appeal. That rule further provides that after the action is taken under those Rules by the court the full time for appeal provided for by Rule 73(a) commences to run and is to be computed from the entry of the action taken

---

4. M.R.Civ.P. 76A(c) provides as follows:

Suspension of Rules. In the interest of expediting decision upon any matter, or for other good cause shown, the Law Court may modify or suspend any of the requirements or provisions of Rules 72 through 76B inclu-

sive, except those *of Rule 73(a)* and those of Rule 76A(b), on application of a party or on its own motion, and may order proceedings in accordance with its direction.
(Emphasis added.)

under the other rule. Thus, the enlargement of the period of time prescribed by those rules for taking the actions authorized by them would indirectly operate to enlarge the appeal period by delaying the commencement of the running of the appeal period.

The exclusion of the time periods provided in Rule 73(a) and the other enumerated rules from the general power of the Superior Court acting under Rule 6(b) to enlarge time periods is part and parcel of a consistent design running throughout the rules to preclude any opportunity for the obtaining of an enlargement of the time prescribed in Rule 73(a) for the taking of an appeal except by the Superior Court and, even then, only in accordance with the specific terms of Rule 73(a). It is on the basis of this consistent design that we have said:

> The full import of the Maine Rules of Civil Procedure is, therefore, that Rule 73(a) provides *the exclusively self-contained and absolutely controlling criteria* for the validity of time periods within which notice of appeal to the Law Court must be filed—including all allowable extensions and types of relief to be afforded in the event of deviations because of "excusable neglect" (and also those factors which have the effect of terminating the running of the time periods).

*Harris Baking Co.,* 294 A.2d at 452 (emphasis added).

In *Remick v. Erin, Inc.,* Me., 414 A.2d 896, 897 (1980), we held that where the notice of appeal is not filed within the original thirty-day period and no application is made for enlargement of time on the basis of excusable neglect the Law Court acquires no jurisdiction over the case on appeal. In *Mailman v. Colonial Acres Nursing Home,* Me., 420 A.2d 217, 220 (1980), we held that an appeal was timely taken even though the notice of appeal was not filed within the initial appeal period. There, the application for enlargement of the appeal period was filed within the thirty-day period for obtaining an enlargement of time under Rule 73(a). Such being the case, we found the

Law Court was vested with jurisdiction over the case on appeal.

■ The distinguishing characteristic between *Mailman* and the present case is that here the application for the enlargement of the time period for perfecting the appeal prescribed by Rule 73(a) was made after the thirty-day period for obtaining the enlargement of time had expired. Thus, the appellant cannot bring herself within the "maximum allowable time period" of sixty days from the date of entry of the judgment from which her appeal is taken. Upon the expiration of that time period, the judgment becomes irrevocably final and a subsequent application for enlargement of time cannot extend the original thirty-day period for the filing of the notice of appeal. Filing of a notice of appeal after the expiration of the original thirty-day period can have no legal consequence. Before the notice of appeal may have any legal consequence in initiating an appeal, the time within which it may properly be filed must be enlarged under Rule 73(a), and that can be done only after a showing of and a determination of excusable neglect in failing to file the notice of appeal within the original thirty-day period. *Plant Economy, Inc. v. Mirror Insulation Co.,* 308 F.2d at 276–77.

■ In order for the Superior Court to have the power to make such a determination, the application for the enlargement must be *filed* within the second thirty-day period prescribed by Rule 73(a). If that is not done, any subsequent determination of excusable neglect made as a basis for enlarging the time period by the additional thirty-day period or some appropriate portion thereof, is insufficient to confer jurisdiction on the Law Court as a result of the filing of the notice of appeal. This is so even though the Clerk of the Superior Court may have erroneously marked the docket sheet "Law" at the time of the filing of the late notice of appeal and transmitted the docket entries and notice of appeal to the Law Court. Absent the determination of "excusable neglect" as a basis for en-

largement of the time, the notice of appeal is a nullity and has no effect.[5]

Given our holdings that the requirements of Rule 73(a) are jurisdictional in nature, and that compliance with them is mandatory for purposes of conferring jurisdiction on appeal:

> [t]he result of failure to file a timely notice of appeal, followed by failure to make a timely motion to be permitted to file one out of time extinguishes the right to appeal beyond revival. . . .

9 *Moore's Federal Practice* § 204.13[2], at 4–104 (2d ed. 1980). We have been aware for some time that some disparate lines of authority exist on this point in the federal courts under the now repealed Federal Rule 73(a). *See Harris Baking Co.*, 294 A.2d at 450 n.3. We have consistently refused to follow those federal cases, which cut

against the interests of the litigants and of the public in general in "seeing an end come to litigation", *Town of South Berwick Planning Board*, 409 A.2d at 690, by weakening the strictness of the rule requiring timely pursuit of appeal. The federal experience confirms our judgment in doing so. By amendments of the Federal Rules promulgated since those cases were decided, the Federal Rules contain an express statement of intent that the timeliness requirement in respect to filing a notice of appeal or obtaining the enlargement of the period of appeal be strictly observed.[6] The current federal position after these amendments is precisely the same as in the Maine law, established by judicial interpretation, and filing of the motion for enlargement of the appeal period is required to occur within the period of the enlargement under the

---

**5.** We need not and do not reach, in this case, the question decided in *C–Thru Products, Inc. v. Uniflex, Inc.*, 397 F.2d 952 (2nd Cir. 1968) which was whether an order of enlargement of the appeal period for excusable neglect was effective to allow perfection of the appeal as timely where the motion was filed within the thirty-day period for enlargement but the order itself was not entered until after that period had expired. In the present case, the enlargement of the appeal period fails because of untimely filing of the motion seeking the enlargement. We have previously said:

> One who seeks the adjudication of a Court declaring that the time period for filing notice of appeal to the Law Court had not yet, as a legal reality, expired (thus to remove the cloud of facts suggesting such expiration) is charged with the knowledge that the Court might hold the issue under advisement to avoid a hasty ruling which, for that reason, might be ill-considered. He must assume the risk that the ruling of the Court might be forthcoming at a time when the allowable limits, as adjudicated, will have already expired.

*Harris Baking Co.*, 294 A.2d at 449. *Cf.* 9 *Moore's Federal Practice* § 204.13[2], at 4–100 (2d ed. 1980) and cases there cited for the prior federal rule on the point.

We also held in *Harris* that it is error for the Superior Court to treat the motion for enlargement of the appeal period where filed within the thirty-day period available for enlargement as if it were a notice of appeal where no notice of appeal is actually filed within that period. *Id.; contra, Pasquale v. Finch*, 418 F.2d 627 (1st Cir. 1969); *see Alley v. Dodge Hotel*, 501 F.2d 880 (D.C.Cir.1974).

**6.** The Rule now governing the timely taking of an appeal in the federal system is Fed.R.App.P. 4(a) which reads in part:

> (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from . . . .
>
> . . . . .
>
> (5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).*

(Emphasis added.) *See also* Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure (June 1981), Rule 74(a). This Rule prescribes the procedures for appeal from a magistrate to a federal district court judge under the proposed Rule 73(d) or 28 U.S.C. § 636(c)(4). The proposed Rule 74(a) provides that ". . . an appeal may be taken from the decision of a magistrate by filing a notice of appeal within 30 days of the date of entry of the judgment appealed from; . . . ." The Rule subsequently provides:

> Upon a showing of excusable neglect, the magistrate may extend the time for filing a notice of appeal *upon motion filed not later than 20 days after the expiration of the time otherwise prescribed by this rule.*

(Emphasis added.)

present specific language of the Federal Rules.

For the reasons set forth above, the defendants' appeal from the Superior Court's order enlarging the appeal period for excusable neglect is sustained.

The entry is:

Plaintiff's appeal dismissed.

All concurring.