**Gerard BEGIN**

v.

**JERRY'S SUNOCO, INC. and Fireman's Fund Insurance Co.**

Supreme Judicial Court of Maine.

Argued May 11, 1981.

Decided Oct. 15, 1981.

Berman, Simmons, Laskoff & Goldberg, William D. Robitzek (orally), Robert E. Laskoff, John E. Sedgewick, Lewiston, for plaintiff.

Richardson, Tyler & Troubh, Robert L. Hazard (orally), Portland, for defendant.

Before McKUSICK, C. J., and WERNICK,* NICHOLS, ROBERTS and CARTER, JJ.

CARTER, Justice.

██ The employee, Gerard Begin, appeals from a pro forma judgment of the Superior Court (Androscoggin County) affirming a dismissal[1] by the Workers' Com-

---

* Wernick, J., sat at oral argument and participated in the initial conference but retired prior to the adoption of this opinion.

1. When a petition is decided on its merits, it would be better form to *deny*, rather than to *dismiss*, the petition. *Wing v. A. C. Electric Corp.*, Me., 408 A.2d 1006, 1007 n.1 (1979).

pensation Commission of the employee's Petition for Further Compensation. Because we find that the appeal to this Court was not taken in a timely fashion, we dismiss the appeal.

On March 5, 1977, the employee received an injury arising out of and in the course of his employment. In a Commission decree dated September 29, 1977, the Commission described the injury, in accordance with a stipulation filed by the parties, as an injury to the employee's ribs and right knee. In April, 1979, the employee filed a Petition for Further Compensation, which the evidence revealed was based upon injuries to the employee's back and left knee. After hearing, the Commission dismissed the Petition. The employee moved in the Superior Court for a pro forma decree, which was granted and entered in the court on October 8, 1980. Under 39 M.R.S.A. § 103 an appeal from a pro forma decree is taken by filing a notice of appeal within 10 days of the entry of such decree. Despite that requirement, the employee's counsel did not file a notice of appeal until November 6, 1980. On November 7, counsel filed a motion for an extension of time in which to file his notice of appeal. Supporting this motion was an affidavit by the employee's co-counsel, stating in pertinent part:

5. On or about October 9, 1980 I received notice that the Superior Court had signed and filed a Pro Forma Decree pursuant to 39 M.R.S.A. § 103.

6. Immediately after receiving a certified copy of the Pro Forma Decree I prepared a written memorandum asking [employee's counsel] to prepare a notice of appeal from the Pro Forma Decree.

7. After preparing the written memorandum I had an oral conversation with [employee's counsel] with regard to filing the notice of appeal. Due to the press of other business within the office, including the preparation of Law Court appeals and other cases, Superior Court and District Court appearances and appearances before Administrative bodies, neither [employee's counsel] nor I reviewed the file

in the above referenced matter or remembered to file a notice of appeal until shortly before the present date.

The employer stipulated "that [the employee's] motion may be granted and that the notice of appeal may be considered timely."

On November 12, the Superior Court granted the motion, finding excusable neglect, and extending the time for appeal for thirty days to November 17. The employee filed a second notice of appeal on November 14.

■ Compliance with M.R.Civ.P. 73(a) is mandatory and jurisdictional for purposes of appeal. *Rice v. Amerling*, Me., 433 A.2d 388, 390 (1981). Rule 73(a) provides the exclusive and absolutely controlling criteria for the validity of time periods in which to appeal to the Law Court. *Harris Baking Co. v. Mazzeo*, Me., 294 A.2d 445, 452 (1972). The requirement that a proper notice of appeal be timely filed is jurisdictional and requires strict compliance. *Remick v. Erin, Inc.*, Me., 414 A.2d 896, 897 (1980); *see Rice*, 433 A.2d at 391. The establishment of "excusable neglect" is jurisdictional. *See Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 410 (1st Cir. 1976) *cert. denied* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (interpreting Fed.R.App.P. 4(a)). When a question as to the jurisdiction of this Court exists, we are obliged to consider it on our own motion. *Bacon v. Penney*, Me., 418 A.2d 1136, 1138 (1980).

■ Rule 73(a) authorizes the Superior Court, upon a finding of excusable neglect, to extend the time for filing a notice of appeal from a pro forma judgment by up to thirty days. *Mailman v. Colonial Acres Nursing Home*, Me., 420 A.2d 217, 219 (1980). While Rule 73(a) was amended in 1966 to allow extensions not only for excusable neglect based upon a failure to learn of the entry of judgment, but also for excusable neglect in whatever form it may appear, "the standard of excusable neglect remains strict." *Reynolds v. Hooper*, Me., 407 A.2d 312, 314 (1979). We recently noted that the

interests of the litigants and of the public in general in seeing an end come to litigation underlie the strictness of the time requirement for perfecting an appeal. *Rice,* 433 A.2d at 391, 393.

> "In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should *ordinarily* excuse a party from the requirement that the notice be timely filed. But the . . . court should have authority to permit the notice to be filed out of time *in extraordinary cases* where injustice would otherwise result."

2 Field, McKusick and Wroth, *Maine Civil Practice* § 73.6 (2d ed. 1970) (emphasis added by authors) *quoting* Advisory Committee's Note to 1966 amendment of Fed.R. Civ.P. 73(a) (superseded by Fed.R.App.P. 4(a)); *see Reynolds,* 407 A.2d at 314 ("extraordinary cases"); *Spound,* 534 F.2d at 411 ("circumstances that are unique or extraordinary"); Stern, Changes in the Federal Appellate Rules, 41 F.R.D. 297, 299 ("emergency situations only").

■ *Harris Truck Lines v. Cherry Meat Packers,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (decided under Fed.R. Civ.P. 73(a) prior to 1966 amendment) is an example of such an extraordinary case. There, after judgment had been entered, but *before* the original thirty-day appeal period had expired, appellant's counsel requested and was granted a two week extension for filing his appeal in order to consult with his client (then on vacation). Notice of appeal was filed within the extended time, but after the original thirty-day period had expired. The court of appeals dismissed the appeal because the reason for granting the extension did not constitute "excusable neglect" within Rule 73(a) (which then required that excusable neglect be based upon a failure of a party to learn of the entry of judgment). The Supreme Court vacated the dismissal, noting the obvious great hardship which would otherwise result to a party who relied upon a trial court's finding, made *prior* to the expiration of the original time for appeal, that certain circumstances constituted "excusable neglect." *Id.* at 217, 83 S.Ct. at 285. Had the requested extension been denied by the trial court, appellant's counsel could still have filed a timely notice of appeal. *See Files v. City of Rockford,* 440 F.2d 811, 814–15 (7th Cir. 1971). In the instant case, no facts to support such an "estoppel" theory, *id.,* are present. Counsel did not move for an extension until *after* the original period for appeal had expired. Thus, counsel did not forbear to act in any manner (which could have revived their appeal) in reliance upon the trial court's action. There are not present here any allegations of "extraordinary" circumstances at all like those in *Harris Truck Lines.*[2]

Nor do we find any allegation in counsel's affidavit sufficient to sustain, on any other basis, a finding of "excusable neglect."[3] Under Fed.R.App.P. 4(a) ("court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal. . . ."), the First Circuit Court of Appeals held that the district court erred by finding excusable neglect where counsel al-

---

2. Examples of other circumstances for which an extension of time might be granted are sudden illness of the person entrusted to file the notice of appeal and unusual and uncontrollable delays in transmission by mail. *See* 9 Moore's Federal Practice ¶ 204.13[1] (2d ed. 1980).

3. The employer stipulated "that plaintiff's motion may be granted and that the notice of appeal may be considered timely." While the parties may stipulate to the facts presented *in support* of a motion to extend the time for appeal because of excusable neglect, they cannot stipulate that the facts alleged actually *demonstrate* excusable neglect. To allow the parties to do so would, in effect, permit the parties by stipulation to extend the time for appeal and thereby confer jurisdiction upon the Law Court. *See* 2 Field, McKusick and Wroth, *Maine Civil Practice* § 73.6 (2d ed. 1970) ("The time for appeal cannot . . . be extended by . . . stipulation of the parties. . . .").

While the employer's stipulation may demonstrate that granting an extension caused it no prejudice, the rule makes no exceptions based on that consideration. "Such an exception would be limitless." *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 411 (1st Cir. 1976) *cert. denied* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167.

leged that he was busy for two months negotiating a collective bargaining agreement. We believe the First Circuit's response is appropriate here:

> We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences. [Citation omitted.] Filing a notice of appeal does not require much time or deliberation.

*Pinero Schroeder v. Federal National Mortgage Association,* 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam); *see Maryland Casualty Co. v. Conner,* 382 F.2d 13, 17 (10th Cir. 1967); Stern, *supra.*

■ Nor does a mere palpable mistake by counsel or by counsel's staff constitute excusable neglect. Such an interpretation would render the requirement meaningless. *Spound,* 534 F.2d at 411 (counsel); *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.,* 569 F.2d 1174, 1175 (1st Cir. 1978) (staff) (per curiam).

Counsel here allege merely that due to the press of other business they failed to timely file a notice of appeal. Thus, they failed to allege grounds upon which the trial court could base a finding of excusable neglect. The neglect in the present case is rendered all the more inexcusable by virtue of the fact that here counsel sought the entry of the pro forma decree by the Superior Court solely for the purpose of appeal to the Law Court. The trial court erred in granting the motion.

The entry is:

Appeal dismissed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $250.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.