**Paul A. YOUNG**

v.

**STURDY FURNITURE COMPANY and Maine Bonding & Casualty Company.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1982.

Decided Feb. 17, 1982.

McTeague, Higbee & Libner, James J. MacAdam (orally), Brunswick, for plaintiff.

Richardson, Tyler & Troubh, Eve H. Cimmet (orally), David O'Brien, Portland, for defendants.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

The employer, Sturdy Furniture Company, appeals from a pro forma judgment of the Superior Court affirming an award of compensation to the employee, Paul A. Young, by the Workers' Compensation Commission. Because the appeal to this Court was not timely filed, we dismiss the appeal.

The employer properly moved in Superior Court on April 13, 1981, for a pro forma decree. The motion was granted and the pro forma decree was entered on the docket on April 14, 1981. Under 39 M.R.S.A. § 103 (repealed by P.L. 1981, c. 514, § 5, effective September 18, 1981) an appeal from a pro forma decree is taken by filing a notice of appeal within 10 days of the entry of such decree. *Begin v. Jerry's Sunoco, Inc.*, Me., 435 A.2d 1079, 1081 (1981); *Remick v. Erin, Inc.*, Me., 414 A.2d 896, 897 n.1 (1980); *Matthews v. R. T. Allen & Sons, Inc.*, Me., 266 A.2d 240, 243 (1970). Despite that requirement, the employer did not file a notice of appeal until April 27, 1981. On the same day, the employer moved in Superior Court for an enlargement of time in which to file his notice of appeal, alleging as excusable neglect that:

In the mistaken belief that the ten-day period in which to file a Notice of Appeal from said judgment (as fixed by 39 M.R.S.A. § 103) began to run from receipt of notice of its execution and entry, Counsel for the Appellants calendared today, Monday, April 27, 1981, as the deadline for filing said Notice of Appeal.

The employee had no objection to the granting of the motion; it was granted and the time for filing was enlarged to April 27.

■ This Court will consider on its own motion whether an extension of time to appeal upon a finding of excusable neglect pursuant to M.R.Civ.P. 73(a)[1] was properly granted. *Begin*, 435 A.2d at 1081. The standard of excusable neglect is strict; extensions of time for filing notices of appeal should be limited to extraordinary cases. *Id.* at 1081–82; *see* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.6 (2d ed. 1970).

■ Counsel's mistaken belief as to the law does not rise to the level of excusable neglect.[2] *See Begin*, 435 A.2d at 1083 (mere palpable mistake by counsel does not

1. M.R.Civ.P. 73(a) states in part:
   The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that: (1) upon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed. . . .

2. We distinguish *Feeder Line Towing Service, Inc. v. Toledo, Peoria & Western Railroad Co.*, 539 F.2d 1107, 1109 (7th Cir. 1976) (interpreting Fed.R.App.P. 4(a) which then read in part: "Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Rule 4(a) was amended effective August 1, 1979, to permit an extension "upon a showing of excusable neglect or good cause"). There, excusable neglect was found where counsel relied on a statute that provided 90 days to appeal in admiralty cases (28 U.S.C. § 2107) without realizing that, under 28 U.S.C. § 2072, Fed. R.App.P. 4(a) superseded § 2107.

   In this case, 39 M.R.S.A. § 103 (repealed by P.L.1981, c. 514, § 5) provides in part:
   There shall be no appeal from a decree based upon any order or decision of the commission or of any commissioner unless said order or decision has been certified and presented to the court within 20 days after notice of the filing thereof by the commission or any commissioner; and unless appeal has been taken from such pro forma decree within 10 days after such certified order or decision has been so presented.
   Read literally, the statute requires that an appeal be filed within 10 days after *presentation* of the Commissioner's decision to the Superior Court, regardless of when any Superior Court justice signs a pro forma decree or when the decree is docketed. However, the statute has been interpreted since *Middleton's Case*, 136 Me. 108, 3 A.2d 434 (1939) as requiring filing of an appeal within 10 days *of the pro forma decree. Matthews v. R. T. Allen & Sons, Inc.*, Me., 266 A.2d 240, 243 (1970); *see Remick v. Erin, Inc.*, Me., 414 A.2d 896, 897 n.1 (1980) (within 10 days of the rendering (*i.e.*, entry) of the pro forma decree in the Superior Court). While the statute might be viewed as ambiguous, the ambiguity centers upon whether the 10-day appeal period commences on the date the Commission decision is presented to the Superior Court or on the date of entry of the pro forma decree. Here, under *either* possible interpretation, the employer's notice of appeal would be untimely filed: the Commission decision was presented to the Superior Court on April 13, the pro forma decree was entered on April 14, while the notice of appeal was filed on April 27. Thus, unlike the situation in *Feeder Line Towing*, counsel was not here misled by relying upon the plain meaning of an apparently applicable statute.

constitute excusable neglect); *cf. Harlan v. Graybar Electric Co.*, 442 F.2d 425, 426 (9th Cir. 1971) (counsel's misreading of Fed.R. App.P. 4(a) as allowing 60, rather than 30, days to appeal does not constitute excusable neglect[3]); *Reed v. Kroger Co.*, 478 F.2d 1268, 1272 (Temp.Emer.Ct.App.1973) (counsel's unfamiliarity with local rules of practice does not constitute excusable neglect); *Steinhof v. Keefer*, 101 R.I. 472, 476–77, 224 A.2d 897, 899 (1966) (mistake of law, particularly when such mistake relates to jurisdiction, does not constitute excusable neglect[4]); *R. N. Crossan v. Irrigation Development Corp.*, 598 P.2d 812, 813 (Wyo.1979) (ignorance of provisions of Wyoming Rules of Appellate Procedure concerning time for filing appeal does not constitute excusable neglect). Nor is it of importance that the employee did not oppose the granting of the motion for the extension of time to file a notice of appeal. We have held that the parties cannot stipulate to the existence of excusable neglect, since to allow them to do so would in effect permit the parties to extend the time for appeal by agreement and thereby confer jurisdiction upon the Law Court. *Begin*, 435 A.2d at 1082 n.3.

■ We hold that the trial court abused its discretion in granting the employer's motion. Therefore, the employer's notice of appeal was not timely filed, and we are without jurisdiction to consider the merits of the employer's appeal. *See Begin.*

The entry is:

Appeal dismissed.

It is ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

**3.** Interpreting Fed.R.App.P. 4(a) which then read in part: "Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Rule 4(a) was amended, effective August 1, 1979, to permit an extension "upon a showing of excusable neglect or good cause."

**4.** Interpreting state statute permitting late appeal where failure to claim or prosecute appeal is due to "accident, mistake, unforeseen cause, excusable neglect, or lack of evidence newly discovered . . . ."