STATE of Maine

v.

Samuel WEINSTEIN et al.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1982.

Decided Nov. 30, 1982.

James A. McKenna, III, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Sanborn, Moreshead, Schade & Dawson, Charles S. Belsky (orally), Augusta, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

NICHOLS, Justice.

This appeal challenges the validity of an order entered in Superior Court, York County, which denied a motion to vacate an order relating to an attachment of real property owned by one of the Defendants, Samuel Weinstein. Because we conclude that this Defendant's notice of appeal was not timely, we must dismiss this appeal.

 The order appealed from was entered on January 14, 1982. Accordingly, with the thirty-day period ending on a Saturday, the Defendant's period for appeal expired on February 15, 1982. Meanwhile, on February 8, 1982, pursuant to M.R.Civ.P. 72(c) the Defendant filed in Superior Court a motion for report of this interlocutory order. Ten days later, the Defendant moved in Superior Court for an extension of the time for appeal. The Superior Court purported to grant the latter motion on February 18, 1982, and a notice of appeal was filed that same day.

Upon appeal, the Defendant contends that confusion surrounding the question of whether his Rule 72(c) motion tolls the appeal period provided under M.R.Civ.P. 73(a) gives rise to a situation "conducive to excusable neglect." He asserts that his "plausible misconstruction" of the Rules constitutes excusable neglect.

In view of the clear statement in Rule 73(a) of the motions which toll the running of the period for appeal, a belief that a Rule 72(c) motion also would toll this period is hardly a plausible one.

Even if Rule 73(a) were of doubtful meaning, more than mere ambiguity is required to satisfy the excusable neglect standard. In *Young v. Sturdy Furniture Co.*, Me., 441 A.2d 320 (1982), counsel mistakenly believed that the ten-day period for appeal from a pro forma decree in a workers' compensation action ran from receipt of notice of the entry rather than from the date of entry. While conceding in that case that "the statute might be viewed as ambiguous," we concluded that: "Counsel's mistaken belief as to the law does not rise to the

level of excusable neglect." 441 A.2d at 321, n. 2 & 321. *See also, Begin v. Jerry's Sunoco, Inc.,* Me., 435 A.2d 1079, 1083 (1981) ("mere palpable mistake" by counsel does not constitute excusable neglect).

Although counsel's misreading of Rule 73(a) verges on the extraordinary, this is not the type of extraordinary circumstance which constitutes excusable neglect. *See State v. One 1977 Blue Ford Pick-up Truck,* Me., 447 A.2d 1226, 1231 (1981); *Reynolds v. Hooper,* Me., 407 A.2d 312, 314 (1979).

The Superior Court erred as a matter of law in purporting to grant the Defendant an enlargement of time to appeal.

Therefore, the entry is:

Appeal dismissed.

All concurring.