## STATE of Maine

### v.

## Glenn JORDAN.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1991.
Decided Nov. 12, 1991.

Michael E. Povich, Dist. Atty., Jill A. Culver, Asst. Dist. Atty., Ellsworth, for plaintiff.

Rosemarie Giosia, Law Offices of Wayne Libhart, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Glenn Jordan appeals from an order of the Superior Court (Hancock, *Kravchuk, J.*) affirming his conviction in the District Court[1] (Ellsworth, *Staples, J.*) for operat-ing under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B(1) (Supp.1990). Jordan argues, *inter alia,* that the District Court erred in denying his motion to enlarge the time in which to request a jury trial, and that the evidence was insufficient to support his conviction. Finding no error, we affirm the conviction.

■ On August 28, 1989, ten days after Jordan was charged with operating under the influence, his attorney filed an entry of appearance that stated in part:

> I, having informed the Defendant of his rights as set forth in Maine District Court Criminal Rule 5(b)[2] as well as other of his rights relevant hereto, hereby certify that the Defendant has acknowledged understanding thereof and has instructed me to enter a plea of not guilty to all charges in the complaint.

The case was originally scheduled for trial on January 11, 1990, but was continued several times, finally coming to trial on June 28, 1990. Just prior to trial, Jordan for the first time raised his right to a jury trial and moved orally for an enlargement of time within which to file a demand for a jury trial. The court denied the motion. Following a trial before the court, Jordan was found guilty. He filed a timely appeal to the Superior Court, and then to this court following the Superior Court's affirmance of the conviction in the District Court.

Jordan contends that the District Court erred by denying his motion to enlarge the time in which to demand a jury trial. Pursuant to M.R.Crim.P. 22(a),[3] Jordan could have demanded a jury trial within 21 days of his arraignment (correctly determined by the District Court to be August 28, 1989), or at a later date pursuant to

---

1. Because the Superior Court acted as an intermediate appellate court in this case, we examine the District Court record directly. *Department of Human Services v. Roy,* 585 A.2d 813, 816 (Me.1991).

2. Former M.D.C.Crim.R. 5 became M.R.Crim.P. 5A effective June 1, 1989. Both provide in relevant part:

   The defendant shall be advised of the defendant's right to trial by jury and of the necessi-ty of a demand for a jury trial in accordance with these rules.

3. M.R.Crim.P. 22(a) provides that:

   In all prosecutions in the District Court the defendant may demand a trial by jury. Unless a demand for trial by jury is made not later than 21 days after arraignment, the defendant shall be deemed to have waived the right to trial by jury.

M.R.Crim.P. 45,[4] if he showed that his failure to make the demand within the 21–day period was due to excusable neglect. Since the burden of proof was on Jordan, we will disturb the court's finding that there was no excusable neglect only if the evidence compelled the court to find to the contrary. *See Luce Co. v. Hoefler,* 464 A.2d 213, 215 (Me.1983). The standard for establishing excusable neglect is a strict one. *See State v. Williams,* 510 A.2d 537, 539 (Me.1986); *see also State v. Weinstein,* 457 A.2d 792, 792–93 (Me.1982). On this record, we are unpersuaded that the court was compelled to find excusable neglect.

■ Jordan also challenges the sufficiency of the evidence to support his conviction for operating under the influence. Jordan admitted that he had been both drinking and driving. The arresting officer testified that Jordan exhibited difficulty in speaking and walking, had bloodshot eyes, and smelled strongly of alcohol. Jordan refused to undergo field sobriety tests and refused to take a blood-alcohol test. The evidence was sufficient to support the finding that Jordan was operating his motor vehicle while under the influence.

Other contentions advanced by Jordan are without merit.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** M.R.Crim.P. 45(b) provides in relevant part: When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect....