**HARRIS BAKING COMPANY**

v.

**David MAZZEO.**

Supreme Judicial Court of Maine.

Sept. 1, 1972.

Morton A. Brody, Waterville, for plaintiff.

Domenic P. Cuccinello, Thomaston, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

Plaintiff instituted a civil action against defendant in the District Court, District

Seven, Division of Northern Kennebec. The complaint alleged a balance of $575.30 due for goods sold and delivered to defendant and sought judgment for that amount plus interest and costs. Defendant answered denying liability and filed a counterclaim asking damages of $500.00, interest and costs, on the theory that plaintiff had acted oppressively in bringing suit

"with knowledge that any amount due the plaintiff from . . . defendant had been paid as agreed."

Plaintiff filed a reply to the counterclaim.

The District Court Judge, after hearing, entered judgment for the plaintiff of $575.30 and costs; and on the counterclaim judgment was awarded for the "defendant-in-counterclaim" (the plaintiff in the action, Harris Baking Company).

The Judge supported his adjudication with an opinion in which, inter alia, he said:

"I find that a contractual relationship existed between the plaintiff and the defendant and that the defendant purchased the goods retailed by him directly from the plaintiff. I further find that there is a balance of $575.30 due the plaintiff from the defendant on the account between the parties."

Subsequently, and by a timely motion under D.C.C.R. Rule 52(a), defendant requested

"the court to find the facts specially, and to include the testimony of Ronald B. Reynolds thereto, and to state separately its conclusions of law thereon."

On this motion the Judge ruled:

"Findings of fact and conclusions of law appear in . . . [the prior] written decision . . . copy of which is attached hereto."

He added that notice of the written decision had previously been given to the parties.

Defendant then filed a timely appeal to the Superior Court (D.C.C.R. 73). As an incident of the appeal, under authority of D.C.C.R. 75(c), defendant submitted a "Statement of the Evidence . . . for use instead of a stenographic transcript." In it defendant presented evidence tending to undermine the ultimate legal conclusions reached in the opinion of the Judge of the District Court.

After objections had been made by plaintiff to defendant's proposed Statement of the Evidence, the Judge of the District Court, purportedly in compliance with the procedure delineated by D.C.C.R. 75(c),— (that the District Court shall settle and approve the matters to be included in the record on appeal to be filed in the Superior Court)—ruled:

"The evidence in the above matter as settled and approved is stated in this Court's decision . . ."

as previously rendered.

After a disposition of defendant's appeal in the Superior Court (to be discussed more fully hereinafter), defendant purportedly appealed to this Court. As one of a plurality of issues defendant seeks to have decided whether the District Court Judge had correctly discharged his obligation under D.C.C.R. 75(c).

Notwithstanding the potential importance (in terms of general interest) of defendant's contentions concerning the appropriate discharge of the Court's function under D.C.C.R. 75(c), we must dismiss the present appeal for lack of jurisdiction in the Law Court.

I

While the case was pending in the Superior Court defendant assigned it for hearing on May 7, 1970. After the hearing a Justice of the Superior Court made a decision which is reflected in notation entered by the Superior Court Justice on a file

folder (containing various documents in the case). This notation stated:

"July 10, 1970 Defendant's appeal dismissed."

The Clerk's docket entries show:

"July 10, 1970 Defendant's appeal dismissed. . . ."

but nothing appears on the docket informing that copies had been mailed to the attorneys. There is a further docket entry, however, which states:

"August 16, *1971* Remand Order filed.

Case remanded to Northern Kennebec District Court. . . . *Copies mailed* to attorneys." (emphasis supplied)

Confronted with the predicament that the opportunity for appeal to the Law Court might have been lost because of the docket entry of July 10, 1970, of which counsel had been unaware, counsel for the defendant sought to salvage the rights of his client by electing to file a motion in the Superior Court, under date of August 26, 1971, which he entitled "Motion for Stay of Execution." In it counsel claimed that execution should be stayed

"by reason of the fact that notice of said decision or judgment by the court was sent to the . . . attorney on August 19, 1971, by sending the said attorney a photostatic copy of notation made by the Justice of said court on the file folder, which notation was dated July 10, 1970."

The motion further averred:

"That the Justice of the Court has issued a remanding order dated August 18, [sic] 1971, and remanded the file and record to the District Court, District VII, Div. of Northern Kennebec for entry of judgment as determined and issuance of appropriate processes."

For this reason, defendant maintained that

"the file and record should remain in the Superior Court and . . . stay of execution . . . should be made *so that the defendant can file his appeal within 30 days* . . . ." (emphasis supplied)

When he filed his motion for stay of execution defendant did not simultaneously, or shortly thereafter, file a notice of appeal to the Law Court. Rather, defendant chose to inform the Court in his motion that

"defendant *intends to appeal* from this judgment of the Superior Court" (emphasis supplied)

—thereby indicating to the Court that he would await a decision on his motion before he would file any notice of appeal.

It was not until October 29, 1971 that the Justice of the Superior Court ruled on defendant's motion. The Court granted the motion and stayed the issuance of any execution from the District Court, ordering the file and record to be returned to the Superior Court from the District Court.

On November 19, 1971 defendant filed his notice of appeal to the Law Court.[1]

## II

Defendant's motion omits reference to any applicable Court rule. Since it identifies itself as a "Motion for Stay of Execution", it seems plausible that we should treat it, at least initially, as filed pursuant to the authorization of Rule 62(a) M.R.C.P. which deals with the subject-matter of stays of execution.[2]

---

1. The docket entries fail to show an entry on the Clerk's docket of this filing of notice of appeal. The record, however, duly attested by the Clerk of Court, contains the notice of appeal to the Law Court and it carries as its date "November 19, 1971."

2. Rule 62(a) "*Automatic Stay,* . . . . Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry or until the time for appeal from the judgment as extended by Rule 73(a) has expired."

Thus considered, the motion of defendant may be interpreted to assert the position, and to seek a declaratory adjudication (and relief), that execution must be stayed on the judgment because "the expiration of 30 days after its entry . . ." had not yet occurred and the time for appeal was, therefore, still open as of, and after, the date of the filing of the motion, August 26, 1971. The theory would be that the docket entry of July 10, 1970, "Defendant's appeal dismissed . . ." must be ignored because of the docket entry on August 16, 1971 which showed an order of remand by the Superior Court, thereby indicating that the Superior Court's jurisdiction had been continuing after July 10, 1970 and until, at least, August 16, 1971.

On this same rationale the decision of the Justice of the Superior Court, on October 29, 1971, granting the motion of defendant and staying execution on the judgment could be interpreted as an adjudication that the 30 days within which to file notice of appeal had commenced to run not on July 10, 1970 but rather on August 16, 1971.

Yet, even this interpretation of the Superior Court's stay of execution fails to establish that defendant's appeal to this Court is timely. With August 16, 1971 taken as the date of the entry of the judgment from which notice of appeal was to be filed, both the original 30 days and the maximum additional 30 days allowable as a possible extension under Rule 73(a) had already expired when defendant filed his notice of appeal on November 19, 1971.

Defendant derives no assistance from the statement of the Superior Court Justice, "Defendant's appeal having been timely, . . ." which was offered as the prelude to the Court's order granting the stay of execution.

If, by this language, the Superior Court Justice was purporting to hold that the defendant had already, prior to the date of the Court's decision on October 29, 1971, effected a timely appeal to the Law Court because the Justice, in the unique circumstances presently involved, had chosen to consider defendant's motion for a stay of execution as *itself a notice of appeal*, such approach is here untenable.

Defendant's motion plainly and explicitly acknowledged that defendant was seeking a Court adjudication (declaring that the time limits for filing notice of appeal were still open as of August 26, 1971 and thereafter) and that he would wait for such adjudication to be forthcoming before he would file his notice of appeal. In clear language the motion stated that judicial relief must first be afforded "so that the defendant can file his appeal within 30 days"; and the motion further avowed that once such judicial declaration and relief were forthcoming, ". . . defendant intends to appeal."

In such circumstances we consider it an impermissible stretching of fact and of legal concepts to transform a document clearly designed to function as *other* than a notice of appeal into that which it was not in fact and was not in fact intended to be.

That the Justice of the Superior Court had failed to rule on the motion of defendant before the maximum time periods allowable under Rule 73(a) M.R.C.P. had already expired cannot be held an extenuating circumstance to permit the filing of the motion for stay of execution to be treated as the equivalent of the filing of a notice of appeal.

One who seeks the adjudication of a Court declaring that the time period for filing notice of appeal to the Law Court had not yet, as a legal reality, expired (thus to remove the cloud of facts suggesting such expiration) is charged with the knowledge that the Court might hold the issue under advisement to avoid a hasty ruling which, for that reason, might be ill-considered. He must assume the risk that the ruling by the Court might be forthcoming at a time when the allowable limits, as adjudicated, will have already expired.

When, as here, therefore, defendant had failed to file any notice of appeal within the maximum allowable period of 60 days after August 16, 1971 (and albeit that defendant had filed his notice of appeal within 30 days after the decision rendered by the Court which granted his motion for stay of execution on October 29, 1971), defendant's appeal must be held to have been taken too late.[3]

### III

An alternative interpretation of the import of defendant's motion for stay of execution, reasonably indicated by some of its language, is to view the motion as filed under Rule 60(b) M.R.C.P.[4] In this light the motion may be regarded as directed to the eventualities that (1) the July 10, 1970 docket entry (showing a dismissal of the appeal in the Superior Court) constitutes the entry of the judgment from which, under Rule 73(a) M.R.C.P. the time for filing notice of appeal to the Law Court had commenced to run; and (2) this time interval having in fact expired such that the judgment had become "final" (in the sense of being no longer subject to an appeal), the defendant seeks a remedy under Rule 60(b) M.R.C.P. from a "final judgment" on the ground that the Clerk had failed to discharge his duty, under Rule 77(d) M.R.C.P., to give notice of the entry of the judgment to the party appearing of record—this being a ". . . reason jus-

tifying relief from the operation of the judgment . . ." (as set forth in item (6) of Rule 60(b) M.R.C.P.)

The specific relief deemed to be sought by the defendant would be the reinstatement as *currently legally* operative (although *in fact expired*), of the time periods under Rule 73(a) within which notice of appeal to the Law Court might yet be filed.

Furthermore, no barrier to the applicability of Rule 60(b) (6) relief would exist by virtue of the requirement in Rule 60(b) that the maximum time for filing a 60(b) motion shall be "not more than one year after the judgment . . . was entered or taken." This limitation is explicitly made inapplicable by Rule 60(b) to an item (6) ground for relief as herein invoked— namely, "any other reason justifying relief from the operation of the judgment."

We, therefore, reach the question whether Rule 60(b) M.R.C.P. authorizes as a legally permissible kind of relief from a "final judgment" the reinstatement, as currently legally available notwithstanding expiration in fact, of the time periods within which notice of appeal may be filed— thereby to deprive the judgment of its "finality" by rendering it subject anew to direct review by appeal.

We hold that Rule 60(b) M.R.C.P., whatever else it may allow as relief from a

---

3. We do not have before us a situation in which the defendant had sought to protect himself by filing a notice of appeal within the time period for the continuing pendency of which he was seeking judicial approval. Hence, we intimate no opinion as to whether such technique might be successfully utilized.

 For the contrasting points of view in the federal system in which the same problem has been discussed. See: Pasquale v. Finch, 418 F.2d 627 (1st Cir. 1969) ; C–Thru Products, Inc. v. Uniflex, Inc., 397 F.2d 952 (2nd Cir. 1968) ; Evans v. Jones, 366 F.2d 772 (4th Cir. 1966) ; Reed v. People of State of Michigan, 398 F.2d 800 (6th Cir. 1968). Contra: Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275 (3rd Cir.

1962) ; and 9 Moore's Federal Practice, ¶ 204.13 [2] at pp. 974–978.

4. *"Rule 60. Relief from Judgment or Order. . . . (b) Mistakes; Inadvertence; Excusable Neglect; . . . .. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . .."*

final judgment, does not authorize (for any reason) the reinstatement, after their actual expiration, of the time limits prescribed by Rule 73(a) for the filing of a notice of appeal to the Law Court. The reason is that the provisions of Rule 73(a) are the exclusive, absolutely governing provisions concerning not only the prescription of the time periods and extensions thereof but also of the nature of the relief, if any, allowable should there be deviations from the prescribed time limitations.

■■■ The Law Court is a statutory Court and its jurisdiction to review cases for error of law, by appeal, derives solely and entirely from statute. Papapetrou v. Edgar, Secretary of State, Me., 290 A.2d 202 (1972), and cases therein cited. Similarly, the procedure by which the appeal jurisdiction of the Law Court is to be invoked and exercised derives from statute, and

"[a]ll the requirements of . . . statute for taking . . . an appeal are jurisdictional and must be strictly complied with." Harrington v. Harrington, Me., 269 A.2d 310, 314 (1970)

By the enabling provisions of 4 M.R.S.A. § 8 (originally P.L.1957, Chapter 159), conjoined with P.L.1959, Chapter 317, the statute law has assigned to the Maine Rules of Civil Procedure the role to

". . . govern the procedure in the Supreme Judicial Court when sitting as a Law Court"

(as explicitly enunciated in Rule 1 M.R.C. P.)

In the discharge of such function the Maine Rules of Civil Procedure contain Rule 73(a) to deal specifically with the procedural facets involved in the initiation of an appeal to the Law Court. By its explicit terms Rule 73(a) establishes, gen-

erally,[5] that the *maximum allowable time* within which an appeal may be commenced by the filing of a notice of appeal—taking into account the original foundational time plus the time allowed for an extension—is 60 days from the entry of the judgment from which appeal is taken. This result appears plainly from the unambiguous and explicit language:

"The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that: (1) upon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal *not exceeding 30 days from the expiration of the original time herein prescribed;* . . . ." (emphasis supplied)

■■ The history of Rule 73(a) M.R.C. P. reveals that the generally operative maximum period of 60 days for the filing of notice of appeal remains unaffected by the failure of the party intending to appeal to learn of the entry of judgment. This remains true even if such failure is caused by the Clerk's omission to give notice of the entry of judgment on the docket.

Prior to November 1, 1966, Rule 73(a) M.R.C.P. had recognized that *solely* for the reason of

". . . excusable neglect *based on a failure of a party to learn of the entry of the judgment* . . ." (emphasis supplied)

the foundational 30 day period for filing notice of appeal to the Law Court could be extended for a further period

"not exceeding 30 days from the expiration of the original time . . . prescribed; . . .."

Effective November 1, 1966, however, the limitation to "failure of a party to learn of the entry of the judgment" was

---

5. Excluded from consideration because here, and generally, inapplicable are the special factors enumerated in Rule 73(a)

by which the ". . . running of the time for appeal is terminated . . . ."

deleted and "excusable neglect"—comprehensively and generally in whatever form it might appear—was specified as the basis for an extension of time, the extension to be "not exceeding 30 days from the expiration of the original" 30 day time period.

Although this broadening of the ground upon which the maximum 30 day extension might be granted deprived the "failure of a party to learn of the entry of the judgment" (because of the fault of the Clerk in failing to give notice, or otherwise) of its *exclusivity* as a ground for extension, such "failure" nevertheless remained as one concrete instance of "excusable neglect" (among any number of potential factual possibilities having the same effect); and as such ground, it allowed for an extension of time subject to the express limitation that the extension could not be more than "30 days from the expiration of the original" foundational 30 day period.

In this manner, therefore, Rule 73(a) M.R.C.P. establishes that the *maximum allowable* time period within which notice of appeal may properly be filed (independently of the specified "terminating" factors, here inapplicable)—and notwithstanding that there has been a failure of the party to learn of the entry of judgment because the Clerk omitted to send notice—is 30 days from the date of entry of judgment and 30 days more to cover the "excusable neglect" as constituted by the failure of the party to learn of the entry of judgment,—a maximum allowable period of 60 days. See: Field, McKusick and Wroth, Maine Civil Practice, p. 151, discussing the history of Rule 73(a) M.R.C.P. and § 73.6 at pp. 163, 164.

The exclusiveness and absolute inviolability of the provisions of Rule 73(a) M.R.C.P. are cogently developed by Rule 76A(c) M.R.C.P. It confers upon the Law Court a plenary power either "on application of a party" or on the Law Court's "own motion" to expedite decision upon any matter "or for other good cause shown" to

"modify or suspend any of the requirements or provisions of Rules 72 through 76B inclusive, . . .",

in short, the entirety of the procedures involved in all of the various processes by which matters can be brought before the Law Court for decision, either upon report, appeal or certification of questions of law by federal Courts. Rule 76A(c) plainly and categorically, however, denies power even to the Law Court to interfere with the maximum allowable time within which notice of appeal must be filed as *prescribed by Rule 73(a) M.R.C.P.*

The same point is demonstrated by the provisions of Rule 6(b) M.R.C.P. explicitly delineating comprehensive provisions concerning the generalized subject-matter of enlargement of time. Rule 6(b) indisputably precludes its own applicability to any enlargement of the time for filing notice of appeal under Rule 73(a); it confines such enlargements specifically

"to the extent and under the conditions stated . . ."

in Rule 73(a) itself.

The full import of the Maine Rules of Civil Procedure is, therefore, that Rule 73(a) provides the exclusively self-contained and absolutely controlling criteria for the validity of time periods within which notice of appeal to the Law Court must be filed—including all allowable extensions and types of relief to be afforded in the event of deviations because of "excusable neglect" (and also those factors which have the effect of terminating the running of the time periods).

Hence, Rule 60(b) is inapplicable as a possible source of judicial relief from the expiration, in fact, of the time periods prescribed by Rule 73(a) as maximally allowable. Defendant can derive no benefit from a resort to Rule 60(b) to achieve a reinstatement of the time within which an appeal to the Law Court may validly be initiated by the filing of a notice of appeal.

In the ultimate analysis, therefore, and no matter how defendant's motion for relief be legally evaluated, defendant must fail because his notice of appeal, filed on November 19, 1971, was too late to comply with the absolutely governing requirements of Rule 73(a) M.R.C.P.

Timely filing of notice of appeal in compliance with Rule 73(a)

". . . is mandatory and jurisdictional, and if notice of appeal is not filed within the time provided, the right to appeal is lost and the appeal must be dismissed." Kittery Electric Light Company v. Assessors of Town of Kittery, Me., 219 A.2d 728, 747 (1966)

See also: Warren v. Waterville Urban Renewal Authority, Me., 259 A.2d 364 (1969); Field, McKusick and Wroth, Maine Civil Practice, §§ 6.4, 58.6, 73.6 and 77.4.

The entry is:

Appeal dismissed.