**TOWN OF SOUTH BERWICK
PLANNING BOARD**

v.

**MAINELAND, INC., et al.**

Supreme Judicial Court of Maine.

Jan. 8, 1980.

Beamis, Davis, Murray & Grossman by Peter R. Taylor, Somersworth, N. H., for plaintiff.

Robert W. Ferguson, Springvale, for Maineland, Inc.

Roberts, Shirley & Humphrey, Thomas E. Humphrey, Springvale, for Hayward & MacKenzie.

Before McKUSICK, C. J., and WERNICK, GODFREY and GLASSMAN, JJ.

PER CURIAM.

The Superior Court docket on its face strongly suggests that appellant Town of South Berwick Planning Board failed to file its notice of appeal within 30 days after the entry of the judgment it sought to be appealed, and that no tolling or valid enlargement of that appeal period has occurred under the restricted circumstances exclusively permitted by Rule 73(a), M.R.Civ.P. In response to this court's order to show cause,[1] appellant has not come forward with any showing that the facts are not exactly as suggested on the docket. Under these circumstances the Law Court never acquired jurisdiction. The appeal must be dismissed.

■ Time requirements for taking an appeal as prescribed in Rule 73(a) are mandatory and jurisdictional. Unless they are strictly complied with, an appeal must be dismissed. *See Harris Baking Co. v. Mazzeo*, Me., 294 A.2d 445 (1972); *Packard v. Whitten*, Me., 274 A.2d 169 (1971); *Kittery Electric Light Co. v. Town of Kittery*, Me., 219 A.2d 744 (1966). *Cf. In re Estate of Brown*, Me., 383 A.2d 1359 (1978) (appeal from Probate Court to Supreme Court of Probate); *Bilodeau v. Soil and Water Conservation Comm'n*, Me., 383 A.2d 658 (1978) (appeal to Superior Court from order of administrative body); *State v. Ellis*, Me., 272 A.2d 357 (1971) (appeal to Law Court from criminal conviction in Superior Court).

As stated by this court in 1972 in *Harris Baking Co. v. Mazzeo, supra* at 452:

Rule 73(a) provides the exclusively self-contained and absolutely controlling criteria for the validity of time periods within which notice of appeal to the Law Court must be filed—including all allowable extensions and types of relief to be afforded in the event of deviations because of "excusable neglect" (and also those factors which have the effect of terminating the running of the time periods).

The general provisions of Rule 6(b) permitting the Superior Court to enlarge the time periods prescribed by the rules are expressly declared to be inapplicable to the filing of an appeal under Rule 73(a). The Superior Court's power to enlarge the appeal period is limited by Rule 73(a) itself to a single 30-day extension, and the exercise of that power is permitted only "upon a showing of excusable neglect." Although the Law Court, acting "[i]n the interest of expediting decision . . . or for other good cause shown," may under Rule 76A(c) suspend any of the other appeals rules, that same rule as promulgated by the Supreme Judicial Court explicitly denies even the Law Court any power to suspend the time requirements of Rule 73(a).

It is true that the fourth sentence of Rule 73(a) does itself provide that the "running of the time for appeal is terminated by a timely [post-judgment] motion made pursuant to [Rule 50(b), 52, or 59], and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the [specified] orders made upon a timely motion under such rules." Enlargement of the appeal period by that route, however, is conditioned upon the timeliness of the post-judgment motion. Except for the even shorter 5-day period allowed for moving under Rule 52(a) for findings of fact and conclusions of law, all post-judgment motions that will

1. After the parties had filed their extensive briefs on the merits and the case had been scheduled for oral argument on January 15, 1980, the Law Court on its own initiative questioned its jurisdiction to hear this appeal. In response to the court's order to show cause, the parties filed memoranda addressing the jurisdictional question for the first time. This court is promptly issuing this decision dismissing the appeal, in order to save the parties and the court any further effort in regard to oral argument or consideration of the merits. Appellees are urged hereafter to move promptly in the Law Court, pursuant to Rules 75B(a) and 74A(g), for the dismissal of any untimely appeal.

trigger termination of the running of the appeal period must be filed within 10 days of either entry or notice of judgment.

■ Rule 73(a) and the post-judgment motion rules have the common purpose of causing Superior Court judgments to become final—*i. e.,* "final" in the sense of no longer being subject to attack on appeal or to modification on post-judgment motion[2] and in the sense of being subject to execution or other enforcement, *see* Rule 62— within a brief, fixed time period after their entry. Both the successful party before the trial court in the particular case and the public in general have an interest in seeing an end come to litigation. Any relaxation in the enforcement of the post-judgment time requirements would run counter to those well-founded interests.

We turn now to the facts of the present attempted appeal. The Superior Court entered judgment for defendants on May 4, 1979. On the 17th day thereafter, May 21, 1979, plaintiff filed a "Motion for Clarification of Judgment." Plaintiff now concedes that its motion, whether treated as a Rule 52(b) motion for amendment of the court's findings or a Rule 59(e) motion for alteration or amendment of the judgment, was untimely. On May 29, 1979, the Superior Court denied plaintiff's motion, saying: "No clarification required. All questions of the pleadings have been resolved."

■ On June 5, 1979, there was filed, purportedly on behalf of plaintiff, a notice of appeal "from the final judgment entered in this action on May 29th, 1979." Plaintiff now concedes that such notice was ineffective because it was signed by a New Hampshire lawyer who was not authorized to practice law in Maine.[3] *See* Rule 89(b), M.R.Civ.P.; *State v. Woodward,* Me., 383 A.2d 661 (1978).

■ On July 9, 1979, plaintiff filed in the Superior Court a new notice of appeal, this time signed by a lawyer authorized to practice in Maine, together with a motion for enlargement of the time for appeal. The next day a Superior Court justice granted the requested enlargement of time, purporting to make the second notice of appeal timely. The Superior Court, however, had no authority under Rule 73(a) to add more than 30 days to the appeal period. The Superior Court thus could extend *only to July 5, 1979,* the period for appealing from the May 4, 1979, judgment. Thus, the notice of appeal filed on July 9, 1979, was plainly out of date.

■ Plaintiff attempts to save its appeal on the basis of one limited argument. It contends that the Superior Court, by entertaining its "Motion for Clarification of Judgment," misled plaintiff into believing that its post-judgment motion had been timely filed and that the 30-day appeal period commenced to run anew on May 29, 1979, when the Superior Court denied the motion. In arguing that in these circumstances plaintiff should be relieved from the consequences of its default, plaintiff relies almost exclusively upon a 5–4 decision of the United States Supreme Court in *Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). We are not at all sure that the *Thompson* case should be now received in Maine as any authority for a Superior Court justice to grant in effect an enlargement of time for filing a post-judgment motion despite the express withholding of that power under Rule 6(b). Our Maine rules have been authoritatively construed in *Harris Baking Co. v. Mazzeo, supra,* to emphasize the "exclusiveness and absolute inviolability of the provisions of Rule 73(a)." The practical consequence of the *Thompson* majority decision is that the

---

**2.** Subject, of course, to a motion under Rule 60(b) for relief from a final judgment.

**3.** The notice of appeal was in fact an attempt to appeal the judgment entered on May 4, 1979. The 30-day period, computed in accordance with Rule 6(a), M.R.Civ.P., for appealing from

the only Superior Court judgment in this case, expired on Monday, June 4, 1979. Therefore, since as discussed below the untimely "Motion for Clarification of Judgment" does not terminate the running of the appeal period, the June 5 notice of appeal was itself out of time.

trial judge can grant an extension of time by mistake or deception in a situation where the rules explicitly withhold that power if exercised intentionally and openly. We much prefer the reasoning of the four dissenters speaking through Mr. Justice Clark:

> Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in rules whose inflexibility has turned out to work hardship should be effected by the process of amendment, not by *ad hoc* relaxations by this Court in particular cases. Such dispensations in the long run actually produce mischievous results, undermining the certainty of the rules and causing confusion among the lower courts and the bar.

*Id.* 375 U.S. at 390, 84 S.Ct. at 400.

In any event, the pertinent circumstances of the case at bar do not at all match those of the *Thompson* case. There, motions under federal Rules 52(b) and 59, both requiring filing within 10 days after entry of judgment, were filed two days late. The government raised no claim of untimeliness when the motions were filed and the federal District Court explicitly stated that the motion for a new trial was made "in ample time." Because of "unique circumstances," namely, that "the petitioner [Thompson] relied on the statement of the District Court and filed the appeal within the assumedly new deadline," *id.* at 387, 84 S.Ct. at 399, the majority of the Supreme Court was willing to hear the appeal on the merits. We are not faced with any such "unique circumstances" in the present case. The Superior Court justice, in promptly denying plaintiff's "Motion for Clarification," made no explicit finding of timeliness of the motion, or any near equivalent thereof, upon which plaintiff's counsel had any justifiable reason to rely. Thus, even accepting the *Thompson* majority decision on its own terms, we cannot find that plaintiff has brought itself within the ambit of its dubious authority.

The entry must be:

Appeal dismissed.

NICHOLS, J., did not participate.