**Marie E. McNAMARA**

v.

**Lawrence J. ELBTHAL et al., Trustees of the Elbthal Realty Trust.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1986.

Decided Sept. 30, 1986.

Rudman & Winchell, Michael Rikard (orally) and Robert E. Sutcliffe, Bangor, for plaintiff.

J. Armand Gendron (orally), Sanford, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Because of their own procedural errors and defaults, the defendants fail in their attempt to obtain review by this court of the orders and judgment entered in this case by the District Court.

In this action to foreclose a real estate mortgage given to plaintiff Marie E. McNamara by the defendant trustees of the Elbthal Realty Trust (hereinafter "the Elbthals"),[1] the District Court (Newport) imposed sanctions for the failure of one of the trustees to attend his deposition and entered a judgment of foreclosure. In the course of the foreclosure action, the District Court also awarded expenses in the amount of $1000 to be paid by the Elbthals' attorney to plaintiff McNamara as a sanction for the attorney's failure to appear before the court to present his motions and to oppose plaintiff's motion for sanctions.

On September 24, 1985, the Elbthals and their attorney filed a joint notice of appeal from the judgment of foreclosure and the sanction orders; that notice of appeal recited that it was taken to the Superior Court. On February 11, 1986, the Superior Court (Penobscot County) dismissed the appeals of both the Elbthals and their attorney, on the ground that it had no appellate jurisdiction in a foreclosure action tried to judgment in the District Court. From that dismissal only the Elbthals have filed a notice of appeal to the Law Court.

## I.

■ The Superior Court acted correctly in dismissing the appeals from the District Court in this foreclosure action. 14 M.R.S.A. § 1901 requires that appeals of foreclosure actions be brought directly to the Law Court:

Any appeal shall be taken from the District Court to the Superior Court ... within 10 days after judgment; except that any party shall appeal from a District Court judgment in an action of foreclosure and sale directly to the Supreme Judicial Court within 30 days.

14 M.R.S.A. § 1901 (1980). M.D.C.Civ.R. 73(c), implementing that jurisdictional statute, provides that "[a] party may appeal

directly to the Law Court ... in an action of foreclosure and sale."

We find no merit in the Elbthals' argument that Rule 73(c) gives the appellant in a foreclosure action a choice of courts to which to take his appeal. The language of the jurisdictional statute is mandatory in permitting foreclosure action appeals only to the Law Court. We refuse to construe a rule of procedure made by the Supreme Judicial Court in a way to extend the statutory jurisdiction of the Superior Court. *Cf.* M.D.C.Civ.R. 82 (rules not to be construed to extend or limit District Court jurisdiction or venue); M.R.Civ.P. 82 (rules not to be construed to extend or limit Superior Court jurisdiction or venue). The word "may" is used in Rule 73(c) merely to identify the availability of the direct appeal to the Law Court that 14 M.R.S.A. § 1901 makes the sole avenue for appellate review in foreclosure actions. We must affirm the dismissal of the appeal to the Superior Court.

## II.

■ As an alternative to their contention that the Superior Court has jurisdiction over their appeal, the Elbthals argue that the Law Court is now in a position itself to give direct review to the judgment and orders of the District Court in this foreclosure action. They urge that their notice of appeal filed on September 24, 1985, was effective to take their appeal directly to this court. They point out correctly that M.R.Civ.P. 73(b), which governs the form of notices of appeal in foreclosure actions,[2] does not require the appellant to designate the court to which the appeal is taken. This contention, however, avails the appellants nothing. Even assuming that the September 24, 1985, notice of appeal could be treated as bringing the appeals directly to the Law Court, this court in its discretion must dismiss those appeals because

1. The defendants named in the complaint were Arthur R. Elbthal and Louisa C. Elbthal. During the pendency of this appeal, the former died and by stipulation another trustee, Lawrence J.

Elbthal, has been substituted as a party defendant.

2. *See* M.D.C.Civ.R. 73(c).

they have not been prosecuted in a timely fashion.

The Law Court may dismiss an appeal for want of prosecution if an appellant fails to comply with the provisions of Rules 73 through 76B within the prescribed times. *See* M.R.Civ.P. 73(g)(2), made here applicable by M.D.C.Civ.R. 73(c). *See Allis-Chalmers Corp. v. Hadley,* 413 A.2d 934, 936 (Me.1980). The Elbthals and their attorney did nothing to prosecute these appeals directly from the District Court to the Law Court. Even after plaintiff McNamara filed the motion to dismiss their appeals in the Superior Court on October 16, 1985, giving them notice of the question of the Superior Court's jurisdiction to entertain the appeal, they took no action to preserve or exercise their clear right of direct appeal to the Law Court. They failed to comply with the time periods for transmission of the record to the Law Court (M.R.Civ.P. 74A(a)) and for filing their briefs and appendix (M.R.Civ.P. 75(a)).[3] As a consequence, McNamara has been delayed for many additional months in foreclosing her mortgage. To permit this appeal would allow appellants to obtain the benefit of the very delays that the legislature sought to avoid by providing for a direct appeal to the Law Court.

The entry is:

Judgment of dismissal entered by Superior Court affirmed.

Any direct appeal from the District Court dismissed.

All concurring.

---

**3.** The District Court record is before the Law Court only by virtue of its transmission by the Superior Court on the Elbthals' appeal from that court. The Elbthals' attorney has not filed a brief or taken any other action in his own individual behalf before this court.