Barrett WARREN

v.

Glenn BAXTER.

Supreme Judicial Court of Maine.

Submitted on Briefs June 24, 1994.

Decided Aug. 1, 1994.

*See Tompkins v. Wade & Searway Constr. Corp.,* 612 A.2d 874, 878 (Me.1992); *Norton v. C.P. Blouin, Inc.,* 511 A.2d 1056, 1060 n. 5 (Me.1986).

**14**

Jeffrey P. Towne, Waterville, for plaintiff.

Glenn A. Baxter, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Glenn Baxter appeals from a judgment entered in the Superior Court (Kennebec County, *Saufley, J.*) finding, after a jury-waived trial, that Baxter was liable to Barrett Warren for engaging in an unfair trade practice. 5 M.R.S.A. §§ 205A–214 (1989 & Supp.1993). On appeal, Baxter contends that certain findings underlying the trial court's judgment are erroneous. Warren claims that Baxter's appeal is untimely and has filed a motion to dismiss this appeal. We dismiss Baxter's appeal.

■ The trial court's judgment was entered on June 7, 1993. On June 10, 1993, Baxter filed with the trial court a motion entitled "Request for Final Order."[1] On July 13, 1993 a writ of execution was issued to collect the judgment against Baxter. On September 8, 1993, Baxter filed a motion to strike the writ of execution, arguing that the trial court should have granted the final order that had been requested in order to allow an appeal. On September 15, 1993, the trial court struck the writ of execution and indicated that it would allow Baxter to file a motion before September 24, 1993 requesting an extension of time to file an appeal. On September 21, Baxter filed a request for extension of time to appeal. The trial court granted this extension on October 6, 1993, finding excusable neglect on the part of Baxter because of his confusion over the finality of its June 7 judgment. On October 15, Baxter filed his notice of appeal. Warren filed a notice of cross appeal from the trial court's orders and filed a motion to dismiss Baxter's appeal.[2]

■ The trial court's judgment of June 7, 1993 disposed of all of the pending claims and counterclaims, and was unmistakably a final judgment. There was no need for a "final order" requested by Baxter in his motion of June 10, 1993. Baxter's motion of June 10 was not a notice of appeal, whose content is specifically provided for in M.R.Civ.P. 73(b),[3] and the court properly refused to treat it as such a notice.[4] Baxter's motion of June 10 was also not a motion that tolled the running of the time period in which to file an appeal. M.R.Civ.P. 73(a).[5]

---

1. This motion reads:
   Defendant hereby requests a FINAL ORDER in order to facilitate APPEAL to the Maine State Supreme Judicial Court.

2. Baxter represented himself in these proceedings. That *pro se* status does not entitle him to preferential treatment in the application of our rules. *Uotinen v. Hall,* 636 A.2d 991, 992 (Me. 1994); *Gurschick v. Clark,* 511 A.2d 36 (Me. 1986).

3. Rule 73(b) provides in pertinent part:
   ... The notice of appeal shall specify the parties taking the appeal and shall designate the judgment or part thereof appealed from. The notice of appeal is a pleading for the purposes of Rule 11....

4. If the court had viewed the June 10 "request for final order" as tantamount to a notice of appeal, it would not have felt the necessity to grant Baxter an extension of time to file an appeal. Such a rewriting of the document by the court would have been inconsistent with prior case law. C.f. *Harris Baking Co. v. Mazzeo,* 294 A.2d 445, 448–49 (Me.1972). "In such circumstances, we consider it an impermissible stretching of fact and of legal concept to transform a document clearly designed to function as *other* than a notice of appeal into that which it was not in fact intended to be."

5. Rule 73(a) provides, in pertinent part:
   ... The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that: (1) upon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed,.... The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or making findings of fact or conclusions of law as requested under Rule 52(a); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if

■ In order to appeal in a timely fashion from the court's final judgment of June 7, 1993, Baxter had to comply with the provisions of Rule 73(a). Pursuant to that rule, "[t]he Superior Court does not have the power to act on a motion for enlargement of time under M.R.Civ.P. 73(a) that is filed more than 60 days from the date of entry of the judgment sought to be appealed." *Eaton v. LaFlamme*, 501 A.2d 428, 429 n. 2 (Me.1985) (citing *Rice v. Amerling*, 433 A.2d 388 (Me. 1981)). In this case, Baxter's motion to extend the appeal period was filed on the 106th day after the entry of final judgment. Thus, the trial court acted without authority in granting a motion to extend, and Baxter's notice of appeal filed on the 130th day after the entry of judgment was not within the time period required by Rule 73(a).

The entry is:

Appeal dismissed.

All concurring.

the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59; . . . .
