1997 ME 117

**Melody LUSSIER et al.,**

v.

**OXFORD DEVELOPMENT ASSOCIATES et al.**

Supreme Judicial Court of Maine.

Argued April 9, 1997.

Decided May 28, 1997.

James J. MacAdam (orally), Mary Gay Kennedy, McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for plaintiffs.

David P. Very (orally), Norman, Hanson & DeTroy, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1] Melody Lussier appeals from the summary judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) in favor of Oxford Development Associates and Property Management Services, Inc. on her complaint seeking damages for injuries sustained by her as a result of the alleged negligence of the defendants and from the denial of her motion, pursuant to M.R.Civ.P. 60(b), seeking relief from the judgment. Because we agree with the defendants that Lussier failed to file a notice of appeal within the time period provided by M.R.Civ.P. 73(a) and that the court was without authority to grant the relief sought by Lussier by her motion pursuant to M.R.Civ.P. 60(b), we dismiss the appeal.

[¶ 2] The record discloses the following undisputed facts: After a hearing, a summary judgment was entered on July 5, 1996, in accordance with the trial court's order, dated July 3, 1996, granting the defendants' motion for a summary judgment in their favor, and further providing, "Also ordered, by agreement of the parties, plaintiff shall have up to and including August 16 to file an appeal in this matter." On August 7, 1996, Lussier filed a notice of appeal from the judgment. A letter dated August 20, 1996, from the Clerk of the Law Court directed to the parties stated:

In light of the provision of Justice Saufley's Order that states: "Also ORDERED,

by agreement of the parties, Plaintiff shall have up to and including August 16, 1996 to file an appeal in this matter," the Court requests that the parties address in their briefs the question of whether the trial court has the authority (with or without the consent of all parties) to grant an enlargement of time in which to file a notice of appeal for any reason other than excusable neglect. The following cases should be helpful as in [sic] introduction to this topic: *Rice v. Amerling*, 433 A.2d 388 (Me.1981), *Eaton v. LaFlamme*, 501 A.2d 428(Me.1985), *Lane v. Williams*, 521 A.2d 706 (Me.1987), *Warren v. Baxter*, 645 A.2d 13 (Me.1994).

[¶ 3] At no time did Lussier file a motion seeking an extension of time within which to file a notice of appeal. On October 29, 1996, Lussier filed a motion, pursuant to M.R.Civ.P. 60(b)(1), (4), and (6)[1] seeking relief from the judgment. By an order dated November 13, 1996, we granted Lussier's motion to suspend the provisions of M.R.Civ.P. 73(f) to the extent necessary to permit the trial court to entertain Lussier's motion. After a hearing, by its order dated December 3, 1996, the court denied Lussier's motion.

[¶ 4] The time within which to file an appeal to this Court is governed by the unambiguous and explicit language of M.R.Civ.P. 73(a) that provides in pertinent part:

The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that: (1) upon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal not exceeding 30 days from expiration of the original time herein prescribed....[2]

[¶ 5] We have repeatedly stated that strict compliance with the time limits set

1. M.R.Civ.P. 60(b) provides that on filing a motion, and on such terms as are just, the court may relieve a party or a party's representative from a judgment, *inter alia*, for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... (6) any other reason justifying relief from the operation of the judgment."

2. The Rule's provision for the termination of the running of the time for appeal by a timely motion made pursuant to M.R.Civ.P. 52(a), 52(b) and 59 has no applicability to the present case.

forth in Rule 73(a) is a prerequisite to the entertainment of an appeal by this Court. *See, e.g., Warren v. Baxter,* 645 A.2d 13 (Me.1994); *Lane v. Williams,* 521 A.2d 706 (Me.1987); *Eaton v. LaFlamme,* 501 A.2d 428 (Me.1985); *Rice v. Amerling,* 433 A.2d 388 (Me.1981); *Kittery Electric Light Co. v. Assessors of the Town of Kittery,* 219 A.2d 728 (Me.1966). The exclusivity of M.R.Civ.P. 73(a) as the controlling criteria for the validity of time periods within which a notice of appeal to this Court must be filed is also demonstrated by M.R.Civ.P. 6(b)[3] that precludes its applicability to any enlargement of time for filing a notice of appeal pursuant to Rule 73(a). It confines such enlargements specifically "to the extent and under the conditions stated" in Rule 73(a) itself.

[¶ 6] Nor is M.R.Civ.P. 60(b) an applicable source for judicial relief from the expiration, in fact, of the time periods prescribed by Rule 73(a) as maximally allowable. Approximately a quarter of a century ago, we stated in *Harris Baking Co. v. Mazzeo,*

> [A party] can derive no benefit from a resort to Rule 60(b) to achieve a reinstatement of time within which an appeal to the Law Court may validly be initiated by the filing of a notice of appeal.

> In the ultimate analysis ... and no matter how [the party's] motion for relief be legally evaluated, [it] must fail [if the] notice of appeal ... [is] too late to comply with the absolutely governing requirements of Rule 73(a) M.R.C.P.

294 A.2d 445, 452–53 (Me.1972).

The entry is:

Appeal dismissed.

**3.** M.R.Civ.P. 6(b) provides that the trial court generally has discretion for cause shown to enlarge the time within which certain acts are required.